WILLIAM H. HUGHES v. W. W. LONG.

*Void Probate—Certificate of Clerk—Notary Public Acting After Expiration of Term—Officer* De Jure *and* De Facto—*Presumption—Rebutting Evidence.*

1. The adjudication by the Clerk of the Superior Court that a certificate of probate is correct and sufficient is presumptively true, but such presumption may be rebutted by competent evidence.

2. Acts of *de facto* officers, who exercise their office for a considerable length of time, are as effectual when they concern the rights of third persons or the public as if they were officers *de jure*, but to constitute one an officer *de facto* there must be an actual exercise of the office and acquiescence of the public authorities long enough to cause, in the mind of the citizen, a strong presumption that the officer was duly appointed.

3. When it appears or is admitted that an act was not done by an officer *de jure*, it is incumbent upon the party relying upon the validity of his acts to show that he was an officer *de facto*.

4. Where, in the trial of an action, the probate of an instrument became material, it appeared that it was taken by one who had formerly been a notary public, but whose commission had expired two years before, and there was no proof that he had at any other time during that period exercised the office, or that he was recognized as such an official in the community in which he lived; *Held*, That the probate was void and the certificate of the clerk adjudicating its correctness and the order of registration were invalid.

CIVIL ACTION, for the foreclosure of a mortgage, tried before *Robinson, J.*, at September Term, 1896, of WARREN Superior Court, a jury trial being waived. The pertinent facts appear in the opinion of Chief Justice FAIRCLOTH. His Honor held that the probate of the mortgage upon which the plaintiff relied was void, and that the instrument had not been legally admitted to registration. There was judgment for defendant Richardson, and plaintiff appealed.

*Messrs. Cook* and *Green*, for plaintiff (appellant).

*Messrs. B. M. Gatling* and *R. O. Burton*, for defendant Richardson.

FAIRCLOTH, C. J. : The plaintiff instituted this action to foreclose a mortgage executed to him by W. W. Long, on January 21, 1891, conveying a piece of land " known as a part of the Tom Thompson Alston tract," containing 613 acres, and described by the adjacent lands of other parties. This deed purports to have been registered in Warren County on January 21, 1891.

On February 20, 1890, said Long had executed to A. R. Shattuck a deed of trust to secure the British and Ameri-

can Mortgage Co., including " all those tracts or parcels of land lying in one body in the Counties of Warren and Halifax of which the late Samuel A. Williams was seized and possessed at the time of his death," bounded by the adjacent lands of other parties, containing 7,000 acres more or less. This deed was duly registered in Warren County September 18, 1890.

This deed of trust, being of prior date and registration, would have precedence, provided it embraced the land conveyed in the mortgage deed to the plaintiff.

In an action to which the plaintiff was not a party, to foreclose the said trust deed, a sale was ordered and the lands were sold in parcels, and one piece containing 1,344 acres was sold and purchased by the defendant, A. L. Richardson, and deed made accordingly. It was admitted on the trial that the land in controversy was owned by Samuel A. Williams at his death, and by W. W. Long at the date of the deed of trust. Section 16 of the answer avers that the lands claimed by the plaintiff are a part of the said 1,344 acre tract. At the trial a jury trial was waived and the court was permitted to find the facts, and his Honor, among his findings of fact, finds that said Section 16 of the answer is true, and adjudged that the defendant Richardson is the owner of the land in controversy. The defendant further contends that the plaintiff's mortgage deed has never been registered. The facts appearing in the record are as follows: The probate was taken before Douglass Williams on January 23, 1891, who was appointed a notary public on February 8, 1887. His commission expired on February 8, 1889. On said probate the clerk of the Superior Court passed as follows: " State of North Carolina, Warren County—The foregoing certificate of Douglass Williams, a notary public of Warren county, is adjudged to be correct and sufficient. Let the instrument

HUGHES *v.* LONG.

with the certificate be registered." Under the maxim *omnia presumunter bene gesta*, &c., which means that where the officer has power by law to decide a question the decision is to be taken as true, and every presumption is to be made in support of it, unless rebutted by proper proof, so that the question of the validity of the certificate is left open, and where there is a want of authority the above maxim does not apply, and the absence of authority or jurisdiction may be shown *aliunde*, as it would be strange if a usurpation of authority could not be met by proof.

It is conceded in the case before us that Douglass Williams, at the time he took the probate of the deed in question, was not an officer *de jure*. Was he an officer *de facto?* The acts of *de facto* officers, acting openly and notoriously in the exercise of the office for a considerable length of time, must be held as effectual when they concern the rights of third persons or the public as if they were the acts of rightful officers. *Gilliam* v. *Reddick*, 4 Ired., 368. There may be some doubt in different cases what shall constitute an officer *de facto*. The mere assumption of the office by performing one or several acts, without any recognition of the appointing power or the public, may not be sufficient. There must be an exercise of the office and acquiescence of the public authorities long enough to raise in the mind of the citizen a strong presumption that he was duly appointed, so that he might be compelled to attend to the citizen's business and require submission to his authority as an officer. *Burke* v. *Elliott*, 4 Ired., 355; *State* v. *Lewis*, 107 N. C., 967.

On the trial, when the probate of an instrument becomes material, it may be shown or disproved by competent evidence, and the presumption arising from the clerk's decision that " the certificate is correct and sufficient " may in

this way be rebutted, and when it appears or is admitted that the act was not done by an officer *de jure*, it is then incumbent on the party offering the instrument to show that he was an officer *de facto*.    In the present case, there is no proof nor any attempt to prove that Douglass Williams, for a period of nearly two years after his commission expired, attempted any act as a notary public until in the present case, nor does it appear in any manner that he was recognized in the community in which he lived as such an official.

There are other exceptions in the record and other questions argued before us, but we need not consider them, as what we have said disposes of the appeal.

Affirmed.