State on the relation of P. L. LEDFORD v. R. S. GREENE.

(Decided November 21, 1899.)

*Quo Warranto—Title to Office—County Superintendent of Schools—Davidson County—County Board of Education, Act 1897, Chap. 180—County Board of School Directors, Act 1899, Chap. 732; Also Chap. 3—Vacancies.*

1. Two vacancies having occurred, by resignation, upon the Board of School Directors, since the passage of the Act 1899, chap. 732, two of the persons elected by Act 1899, chap. 3, take their places, to act in conjunction with the remaining member, and, constituting a majority of the Board, their action in electing a Superintendent of Schools is valid.

2. *Semble.* There being three legislative appointees and only two vacancies, the two first qualified are entitled to act upon the Board of School Directors.

CIVIL ACTION in the nature of *quo warranto* for the office of County Superintendent of Schools of Davidson County, heard before *Robinson, J.,* at Fall Term, 1899, upon the pleadings. Judgment for plaintiff. Appeal by defendant. The facts appear in the opinion.

*Messrs. Walser & Walser,* for appellant.
*Mr. E. E. Raper,* for appellee.

DOUGLAS, J.   This is an action in the nature of *quo warranto* to test the title to the office of County Superintendent of Schools for Davidson County.   The plaintiff relator claims by virtue of an election on the second Monday in July, 1899, by W. S. Owen, L. N. Kirshner and P. L. Ledford, persons claiming to be the County Board of School Directors for

Davidson County by virtue of their appointment by the Legislature, in chap. 3 of the Public Laws of 1899.

The defendant claims the same office by virtue of his election on the second Monday in July, 1899, by J. N. Nifong and Ed. L. Greene claiming to be members of the County Board of School Directors under chap. 108 of the Public Laws of 1897.

In other words, the plaintiff and defendant were both elected to the same office on the same day by two different sets of men, both claiming to be the rightful Board of School Directors. This case, therefore, depends upon our judgment which we have just rendered in the case of *Greene v. Owen,* at this term. We have there held that, upon the resignation of John R. Miller and George W. Holmes upon the 3rd day of July, 1899, these vacancies were filled *eo instanti* by the legislative appointees under chaps. 3 and 732 of the Laws of 1899. Therefore, on the 10th day of July, 1899, (being the second Monday in said month) the Board lawfully consisted of J. N. Nifong and two of the legislative appointees. Which two of the legislative appointees, out of the three, were lawfully in office we can not now determine, as that point is not before us; nor have we the necessary facts for its adjudication. We are, however, inclined to think that the two who first qualified are the lawful members. When the two vacancies occurred, there were three appointees waiting to fill them, and as the Legislature had made no distinction between the three, it appears that each had as much right to qualify as the others; and yet it is evident that after two had qualified, if they did so rightfully, there was no room for a third. If they had no right to qualify, then the third appointee had no better right, and none would be in office. It seems to us that the rule suggested is the only one that would carry out the legislative will as far as consistent with constitutional guarantees.

It appears that all three of the legislative appointees met together and voted for the plaintiff, and he, therefore, necessarily received the votes of the two who were rightfully members. These two would have constituted a majority of the Board, even if Nifong had been present and voting, as was his undoubted right, then and now.

We are therefore of the opinion that the plaintiff, P. L. Ledford, was lawfully elected County Superintendent of Schools for Davidson County, and is entitled to the possession of said office.

For the reasons stated in this opinion, the judgment of the Court below is affirmed.

Affirmed.

CLARK, J., concurs in the result.