State on the relation of A. J. DALBY, G. T. SIKES and J. A. FUL-
LER v. F. W. HANCOCK, G. B. ROYSTER and JAMES
H. WEBB.

(Decided November 28, 1899.)

*Quo Warranto—Title to Office—Board of Education—
Board of School Directors of Granville County—
Change of Residence by Plaintiff—Laws of 1897, Chap.
108—Laws of 1899, Chap. 3, Chap. 374, Chap. 732.*

1. The Acts of 1899, chaps. 3, 374, 732, relating to public schools and education are *in pari materia*, and in legal effect constitute one act.

2. By comparing the powers and duties relating to the subject, under the Act 1897, chap. 108, and existing laws, with those prescribed in the legislation of 1899, it will plainly appear that the two are practically and substantially the same.

3. It follows that the Board of Education, the office held by the plaintiffs, has not been abolished, and not materially changed, except as to name.

4. A plaintiff who sues for restoration to a county office, but who ceases to be a resident of the county before the trial, loses his eligibility for the office.

CIVIL ACTION in the nature of *quo warranto* to try the title to County Board of School Directors of Granville County, heard upon the pleadings before *Brown, J.,* as of July Term,

1899, of GRANVILLE Superior Court.    The plaintiffs claimed the right to the office under the legislation of 1897, chap. 108, and proceedings had in accordance therewith, and that the defendants had usurped the office under color of legislation of 1899, chap. 3, chap. 374, chap. 732.

The defendants rely upon the legislation of 1899 and their election by the Legislature.

It was conceded that J. A. Fuller, one of the plaintiffs, had ceased to be a citizen or resident of Granville County.

His Honor, upon the pleadings, rendered judgment in favor of defendants.    Plaintiffs appealed.

*Messrs. R. W. Dalby,* and *W. A. Devin,* for appellant.
*Messrs. A. W. Graham,* and *B. S. Royster,* for appellee.

FAIRCLOTH, C. J.    Under an Act of Assembly, 1897, chap. 108, the plaintiffs were elected as a "Board of Education" for Granville County, and were qualified and entered on the duties of said office on the first Monday in July, 1897, for a term of three years.    By an Act of 1899, chap. 374, the said County Board of Education was *in terms* abolished.    By an Act of 1899, chap. 732, the office of "County Board of School Directors" was established, and by an Act of 1899, chap. 3, the defendants were elected as such Board of said county.

The plaintiffs insist that said Acts of 1899 are only amendatory of the said Act of 1897, and other portions of the school law, and that their office is not abolished.    The defendants deny that contention.

Thus, the question, so frequently before this Court heretofore, is again presented.    Said Acts of 1899 are *in pari materia* and in legal effect constitute one act.    By comparing the powers and duties of the plaintiffs under the Act of 1897 and the existing laws, with those of the defendants as

prescribed in said Acts of 1899, it will plainly appear that the two are practically and substantially the same, and in several sections are so *in totidem verbis.* Therefore it follows that the plaintiffs' office has not been abolished, and not materially changed, except in its name.

The reasoning and opinion of this Court on the question here presented have been so frequently and so recently stated that we deem it wholly unnecessary to again repeat them, and will simply refer to a few of the decided cases: *Wood v. Bellamy,* 120 N. C., 212; *Day v. State Prison,* 124 N. C., 362; *Wilson v. Jordan, Ibid,* 683; *Bryan v. Patrick, Ibid,* 651. We think the judgment below is erroneous.

By agreement, the complaint, answer and judgment constitute the record and case on appeal. At the trial in July, 1899, his Honor by consent finds as a fact that the plaintiff Fuller "is not a citizen or resident of Granville County." It does not appear from that finding or from any part of the record whether Fuller was a resident in July, 1897. If it was material to do so on the issue in this action, we should infer, from the fact of his election, qualification, entrance into office in 1897, and continuance therein until 1899, that he was a resident or citizen of the county.

It must be recognized in this country as a fundamental principle that the citizens have established government for their liberty and protection, and that it must be administered and its functions exercised only by themselves and through their agency, so that an alien can not hold an office; nor can a non-resident do so even in a particular county if his right is successfully controverted in a judicial proceeding.

By *agreement* the Court found as a fact that relator Fuller was not a resident and citizen of Granville County at the time of the trial. This agreement, in effect, authorized the Court to amend the pleadings, so as to present the same issue,.

DALBY v. HANCOCK.

and it also dispenses with the necessity of the forfeiture of his office being tried and found in the usual way. The record then is that Fuller was a resident and citizen when he entered on the duties of his office, but was not such when the issue came to be tried.

We are therefore of opinion that the plaintiffs, except Fuller, are entitled to discharge the duties of the Board of Education which has been held to be a public office. *Barnhill v. Thompson,* 122 N. C., 493.

Reversed.

CLARK, J., dissents as to Dalby and Sykes for reasons given in the dissenting opinions in *Greene v. Owens, Galtis v. Griffin* and *Abbott v. Beddingfield,* at this term.

I concur in the result as to the plaintiff Fuller. It is a fact, found by consent, that the plaintiff Fuller "is not a citizen or resident of Granville County." It is not a question as to the validity of the acts of such a one while in office and until his seat is vacated, and the authorities as to the validity of the acts of a *de facto* officer have no application. But, here, the plaintiff is out; he is seeking to get in; and it appears without controversy that a state of facts exists which if he were in would *eo instanti* vacate his office. I do not think the Court can oust the defendant to put him in. Why admit him only to turn him out again? He must recover on the strength of his own title, not on the weakness of the defendant's title, and he has shown he is not entitled.

MONTGOMERY and DOUGLAS, J.J., concur in the result reached by the Court in this case, but do not in the statement of the case in the opinion.