State *ex rel* A. BAKER v. F. P. HOBGOOD, Jr.

(Decided March 13, 1900.)

*Quo Warranto—Title to Office of County Superintendent of Schools for Granville County—Two Appointments by Rival de Facto Boards—Officer de Facto—Officer de Jure.*

1. Where an appointment is made by a *de facto* officer, holding an office to which is annexed the appointing power, such appointee holds a title to the office against the appointee of a *de jure officer,* subsequently made.

2. Where there are two rival Boards, both *de facto,* and both exercising as far as possible the duties of the office, and each makes an appointment the same day to the same place, in such case the appointee of the *de facto* Board, which is subsequently adjudged to be the *de jure* Board, clearly has the title.

3. When both officers are acting and claiming to be *de facto,* possession by the *de jure* officer excludes the consideration of any other claim.

CIVIL ACTION, in the nature of *quo warranto,* to try the title of defendant to the office of Superintendent of Schools for Granville County, tried before *Moore, J.,* and a jury at January Term, 1900, of GRANVILLE Superior Court upon the following issue:

Is the plaintiff relator, A. Baker, entitled to the office of County Superintendent of Schools of Granville County?

Each party claimed the office, under appointment made the same day, July 10, 1899, by rival Boards—the plaintiff by the Board of Education, under Act of 1897; and the defendant by the County Board of School Directors, under Act of 1899; the former, termed "the old Board," has since been

adjudged to be the legal Board. *Dalby v. Hancock,* 125 N. C., 325.

The special instructions asked for by the plaintiff and declined by his Honor are stated in the opinion. Plaintiff excepted.

The jury having responded in the negative to the issue, judgment was rendered against the plaintiff, and he appealed.

*Messrs. W. A. Devin,* and *R. W. Dalby,* for appellant.
*Messrs. Royster & Hobgood,* for appellee.

CLARK, J. On July 10, 1899, the plaintiff was elected "County Superintendent of Schools" for Granville County, by the Board of Education, which had been elected in 1897 for a term of three years, and commonly styled "the old Board." On the same day the defendant was elected "County Superintendent of Schools" by the County Board of School Directors, chosen by the Legislature of 1899, and commonly known as the "new Board." This Court has since held in *Dalby v. Hancock,* 125 N. C., 325, that the "old Board" was the legal Board.

It is settled in *Norfleet v. Staton,* 73 N. C., 548, and *Jones v. Jones,* 80 N. C., 127, that where a subordinate office is filled by an appointment made by a *de facto* officer holding an office to which is annexed the appointing power to fill the subordinate office, such appointee holds a title to the office against the appointee of a *de jure* officer. But there was here evidence tending to show that both Boards were *de facto* and exercising as far as possible the duties of the office. In such case the appointee of the *de facto* Board, which is subsequently adjudged to be the *de jure* Board, clearly has the title to the office. *Ledford v. Green,* 125 N. C., 254. When both offi-

cers are acting and claiming to be *de facto* "possession by the *de jure* officer excludes by its paramount right the consideration of any other claim.   Mechem Pub. Off., sec. 322." *Murphy v. Moies,* 18 R. I., 100.   To same effect *Hallgreen v. Campbell,* 82 Mich., 255; *Mead v. Treasurer,* 36 Mich., 419; *Williams v. Boynton,* 147 N. Y., 426; *State v. Blossom,* 19 Nev., 312; *Ex Parte Norris,* 8 Rich. (S. C.), 408.

The second prayer for instruction by plaintiff was, "If you find that the old Board being legally in office continued to exercise the duties thereof, then the acts of other persons claiming to be such Board can not have the validity of *de facto* officers," and it was error to modify it by adding "unless they were recognized by the public generally, the mere election of the defendant would not be sufficient recognition."   The evidence tended to show that both Boards were acting, and the question of *de facto* office does not depend upon general recognition.

The fifth and sixth prayers for instructions were as follows:   "5. In considering the evidence relied on by defendant to show that his electors were *de facto* officers, you will not consider acts subsequent to July 10th, for, in order that defendant may now be adjudged entitled to the office, they must have been so at the time of his election.   6. If you find that Dalby, Sykes and Fuller met on the 10th of July, and elected the plaintiff and the trustees, then you will find they performed their full duty in regard to these offices."

It was error to refuse to give these prayers.

The seventh prayer for instruction was as follows:   "If you find there were two Boards contending for the same office and performing, or attempting to perform, the same duties, and both themselves and their appointees were recognized by some of the people, while the other Board and their appointees

were recognized by others, then the acts of the Board found
to be the illegal Board would not be valid as against the acts
of the Board found to be the legal Board." It should have
been given as asked.

It is unnecessary to consider any other assignments of
error, since for the above errors there must be a

New trial.


*Per Curiam.*—The motion to dismiss the appeal: 1.
Because the response to the issue is omitted in printing. 2.
Because the appellant has failed to print the word "excep-
tion" and number of each at the proper place on the margin,
is denied. As to the first point, the omission of the response
"No," is palpably a mere printer's error, for the issue is
printed; and besides, the response is recited and printed in
the judgment. As to the second point, while the exceptions
must be entered in the record and numbered (Rule 19, (3),
and 21, *Alexander v. Alexander,* 120 N. C., 472; *Lucas v.
Railway Company,* 121 N. C., 506), the amended Rule 28
(121 N. C., 695), expressly says that the exceptions may be
printed in the body of the page instead of on the margin, as
under the printer's rule the latter course would largely add
to the expense. Clark's Code (3d Ed.).

The further motion to tax the appellant with the costs of
"making the transcript and printing the testimony of the wit-
nesses which does not bear upon the exceptions of the appel-
lant, and which is not necessary to enable the Court to under-
stand the nature and scope of his exceptions," is allowed.
The appellee entered his exception to the incorporation of
such unnecessary matter when the case was settled, as is pre-
scribed by Rule 31, as amended, 121 N. C., 696; *Hancock
v. Railroad,* 124 N. C., 222. Besides the "case on appeal"

shows that the appellant agreed that if this unnecessary matter, not relative to exceptions taken, was incorporated by the Judge in his statement of the case, the costs thereof should be taxed against him if successful in his appeal. The Clerk will tax the costs accordingly.