# Sandlin, *et al. v.* Dowdell, Admrx.

### *Bill in Equity to Correct Misdescription of Property and to Foreclose Mortgage.*

1. *Notary public; when not shown to be de facto officer.*—Where, after the date of the expiration of his term of office, one, who had been a notary public, does no official act, nor attempts to perform'any act as notary public, during a period of seven months from the expiration of his term of office, and then takes an acknowledgment of a deed or mortgage, he cannot be held to be a *de facto* notary public; and if the conveyance is of the homestead, a certificate made by such person is not sufficient to give validity to such conveyance, although it may have been a proper acknowledgment of the wife, separate and apart from the husband.

2. *Homestead, conveyance of; sufficiency of acknowledgment.*— A certificate attached to a conveyance of a homestead is a sufficient compliance with the form provided by statute, which is in the following language: "I, M. H., a N. P. in and for said County, hereby certify that Nealy Sandlin, known to me as the wife of the within к. C. Sandlin, who, being by me examined separate and apart from her husband, touching her signature to the within mortgage, acknowledged that she signed the same of her own free will and accord, and without fear, constraint or threats on the part of her husband. Given under my hand, this 21st day of March, 1892," and signed by the notary.

3. *Same; same.*—In such a case, the fact that such certificate bore the same date as did the mortgage is sufficient to show that the wife made the acknowledgment before the officer on the same day.

4. *Same; bill to foreclose mortgage; when joint assignments of error may be made.*—When a bill is filed against a husband and his wife to foreclose a mortgage on their homestead, and it is defended by the husband and wife upon the ground that the certificate of acknowledgment is void, if the court decrees a foreclosure, the husband and wife on appeal may jointly assign the decree as error.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was originally filed by Ellen C. Shapard, administratrix of the estate of W. B. Shapard, deceased, against the appellants, R. C. Sandlin and his

[Sandlin, *et al.* v. Dowdell, Admrx.]

wife, Nelie Sandlin, and the Bank of Opelika, for the purpose of having corrected a misdescription of property conveyed in a mortgage from Sandlin and wife to the Bank of Opelika, and by it transferred to W. B. Shapard, and of having the mortgage, as so corrected, fore-closed. The complainant died pending the suit, and the cause was revived in the name of Lavinia S. Dowdell, as administratrix *de bonis non*, with the will annexed, of the said W. B. Shapard.

The bill avers the execution of the note and mortgage, the transfer thereof by the Bank of Opelika to W. B. Shapard, the death of said Shapard, the qualification of Ellen C. Shapard as executrix, and that, as such executrix, she held said bond and mortgage. It admits the payment by Shapard of a portion of the mortgage debt, which sum was applied as a credit thereon; and avers that the balance, with interest, was unpaid. It also avers a mistake in the description of the property. The note and mortgage were made exhibits to the bill.

The defendant, R. C. Sandlin, and his wife, in their answer, admitted the execution of the mortgage, and its transfer, but denied that said mortgage was a valid conveyance of the property therein described; and averred that, at the time of the execution of said conveyance, the property conveyed by the mortgage was the homestead of the said R. C. Sandlin, and so owned and occupied by him and his wife, and that the certificates of acknowledgment, made before Marcus Herzfelt, were made by one who was not at the time a notary public, and was without authority to take said acknowledgments. The facts, as to the said Marcus Herzfelt being a notary public in and for Tallapoosa County, are set forth in the opinion.

Upon the complainant offering to introduce the mortgage in evidence, the respondents objected to the introduction of said mortgage in evidence, upon the ground that it was not a valid conveyance of the homestead, because the certificates of acknowledgment were not made by a person authorized to make the same.

Upon the final submission of the cause upon the pleadings and proof, the chancellor admitted the mortgage in evidence, and decreed that the complainant was entitled to the relief prayed for, and so ordered. From this decree, the respondents, R. C. Sandlin and Nelie Sandlin, appealed, and assigned the rendition thereof as error.

[Sandlin, *et al.* v. Dowdell, Admrx.]

GEORGE A. SORRELL, for appellants.—The certificate of the notary public was fatally defective.—*Scott v. Simon,* 70 Ala. 352; *Keller v. Moore,* 51 Ala. 343; *Turner v. Teague,* 73 Ala. 553.

The reason for requiring them to embody the statement that the grantor came before the officer, that the latter had jurisdiction of the person and the day of the appearance, is all the more cogent and forcible.—*Shelton v. Aultman,* 82 Ala. 315; *Grider v. Mortgage Co.,* 99 Ala. 281.

ALBERT E. BARNETT, *contra.*—The certificate of acknowledgment of the wife complied with the requirements of the statute.—*Gates v. Hester,* 81 Ala. 357; *Penny v. Brit. & Am. Mtge. Co.,* 132 Ala. 359.

The authority of a notary public to take an acknowledgment cannot be questioned collaterally, but only on a direct proceeding to annul the conveyance.—*Monroe v. Arthur,* 126 Ala. 362.

It is well settled that, where a person assumes to act in the capacity of a public officer, his appointment and qualification for the office will be presumed.—22 Am. & Eng. Enc. of Law (2nd ed.), 1266; 23 Ibid 364; see also *Holleman v. DeNyse,* 51 Ala. 95.

But, even if the question had been properly raised, there is no merit in the assignment of error; for Herzfeld, as the time the acknowledgment was taken, was *de jure* a notary public, holding a commission.

At the time of Herzfeld's appointment as a notary public, the appointment was "For three years and until their successors are qualified."—Code, 1886, Sec. 1102; *Cary v. State,* 76 Ala. 78.

In such case, the term of the officer does not expire with the three years, but the appointee holds over "Until his successor is appointed and qualifies."—*Cary v. State,* 76 Ala. 78; 37 Cent. Digest 1878, Sec. 74, and citations.

DENSON, J.—The appeal in this case was taken from a decree of the chancery court of Tallapoosa county, foreclosing a mortgage on real estate. It was admitted that the real estate, upon which the mortgage

was given and foreclosed, was, at the date of the execution of the mortgage, owned and occupied by the mortgagor, R. C. Sandlin, as his homestead, and that his wife, Nelie Sandlin, resided with him.

The only question, presented for consideration in the brief of counsel for the appellants, relates to the certificate of acknowledgment attached to the mortgage.

The acknowledgment purports to have been taken by Marcus Herzfeld, a notary public in and for Tallapoosa county, on the 21st day of March, 1892, that being the day on which the mortgage was executed. It was insisted by respondents in the court below, that Herzfeld was not a notary public on that date; that he was appointed a notary on the 10th day of August, 1888, but his term of office under his commission expired on the 10th day of August, 1891, and that he was not reappointed until April the 23rd, 1893.

We judicially know that Marcus Herzfeld was appointed a notary public for Tallapoosa county on the 10th day of August, 1888; that his term of office under his commission was for three years and that he was not reappointed to that office until April 23rd, 1893. Hence, unless the act of Herzfeld in taking the acknowledgment can be upheld as the act of an officer *de facto,* the acknowledgment was invalid.

The statute, under which Herzfeld was appointed a notary in 1888, is found in the Code of 1886 as section 1102, and is in the following language, namely; "A competent number of notaries public for each county in the State are appointed by the governor, who hold office for three years from the date of their commission, and until their successors are qualified."

Herzfeld, at the expiration of his term of office, might lawfully have continued in the discharge of the duties of the officer for a reasonable length of time, and the commission would have lent color to his acts.—*Cary's case,* 76 Ala. 78. But the hold-over clause in the statute must not be construed as authorizing unlimited official terms. —*City Council of Montgomery v. Hughes,* 65 Ala. 201.

"There is no distinction in law between the official acts of an officer *de jure,* and those of an officer *de facto.* So far as the public and third parties are concerned, the

acts of the one have precisely the same force and effect as the acts of the other. The only difference between the two is, that the latter may be ousted from his office by a direct proceeding against him in the nature of a *quo warranto,* and the former cannot. Their official acts are equally valid. The rule is one which is dictated alike by principles of justice and public policy. It would be a great hardship, if innocent persons were made to suffer by the unknown negligence of officials, who, under color of office, were daily holding themselves out to the public as officers *de jure.*"—*Joseph v. Cawthorn,* 74 Ala. 411.

The record fails to show that Herzfeld had, between the date of the expiration of his commission and the taking of the acknowledgment to the mortgage in this case, done any official act as notary public; thus we have an interim of seven months from the expiration of the term of office to the taking of the acknowledgment, in which so far as the record shows, no official act was attempted to be done. If the record had shown that, notwithstanding the expiration of the official commission, Herzfeld continued to hold himself out to the public as a notary public and to perform official acts as such, and as occasion required, up to the time the acknowledgment was taken, then we think his act in taking the acknowledgment would undoubtedly have been valid as the act of an officer *de facto,* as the official act of one in reputed authority. It has been so held in the courts of other jurisdictions.—*Brown v. Lunt,* 37 Me. 423; *Prescott v. Hayes,* 42 N. H. 56; 1 Devlin on Deeds, § 471.

In the case of *Hughes v. Long,* it was held that, where a mortgage was acknowledged before a person who acted as a notary public, it appearing that such person's commission had expired nearly two years before, such person could not be regarded a notary public *de facto,* it not being shown that he attempted to act as a notary public after his commission expired until the acknowledgment of such mortgage.—*Hughes v. Long,* 119 N. C. 52; (25 S. E. Rep. 743.)

In the case of *Bernier v. Becker,* 10 months after the expiration of a notary public's commission, he took an acknowledgment of a deed. There was no evidence

of his having assumed to act as a notary public after his time expired, except in taking the acknowledgment in question; nor was there any evidence that he had been recognized as a notary: held, that the acknowledgment was invalid.—*Bernier v. Becker*, 37 Ohio St. 72.

In this case, where there is an entire absence of evidence tending to show that any official act was performed, or attempted to be performed by Herzfeld during a period of seven months from the expiration of his commission to the acknowledgment of the mortgage, and an absence of evidence tending to show that, during that time, he ever held himself out as a notary public, or that he was recognized as a notary public, we do not think that we would be authorized to hold that the taking of the acknowledgment was valid as the act of an officer *de facto*. To so hold would be to rest the validity of the act solely upon the hold-over clause in the statute under which Herzfeld received his appointment in 1888, and we think that would be extending the right to exercise the functions of the office beyond a reasonable time.

The question goes to the jurisdiction of the person assuming to act as an officer and was properly raised in this case. It is not controlled by the case of *Monroe v. Arthur*, 126 Ala. 362, but falls within the influence of the case of *Grider v. American Freehold Land Mortgage Co.*, 99 Ala. 218; see also *Hughes v. Long, supra.*

It is insisted by appellants that the certificate as to the separate acknowledgment of the wife is defective in substance, in that it fails to certify that the wife of the grantor was personally before the officer, and fails to show the date on which the wife was examined separate and apart from the husband.

Certainly the officer could not have examined the wife separate and apart from the husband if she had not been personally before him. In the certificate endorsed on the mortgage, he has certified that she was examined by him separate and apart from the husband touching her signature "To the within mortgage" and that she acknowledged, etc.; this we think in effect certifies that the wife was personally before the officer.

The mortgage was executed on the 21st day of March, 1892, and the certificate of the wife purports to have

beeñ taken on the 21st day of March, 1892, as shown by the certificate, so it seems to be clearly shown by the date of the certificate that the examination of the wife occurred on the 21st day of March, 1892. So far as the form of the certificate is concerned, we think it was a substantial compliance with the form laid down in the Code of 1886, § 2508; *Gates v. Hester,* 81 Ala. 357; *Fredcrick v. Wilcox,* 119 Ala. 355.

While the court has held that the wife has not such an interest in the homestead, during the life of the husband, as will authorize her to maintain a bill in equity to set aside a conveyance of it, on the ground that the conveyance was void for want of the proper certificate of acknowledgment, yet we think, when a bill is filed against husband and wife to foreclose a mortgage on the homestead and it is defended by the husband and wife on the ground that the certificate of acknowledgment is void, if the court decrees a foreclosure, on appeal the husband and wife may jointly assign the decree as error. It is prejudicial to the interest of both. The wife has in the property an inchoate right of dower which the mortgage purported to convey and she being a party to the bill, a foreclosure decree would exclude her from afterwards asserting.

For the error in admitting the mortgage in evidence, the decree of the chancery court must be reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., TYSON and ANDERSON, J.J., concurring.