W. J. SMITH, WHO SUES IN BEHALF OF HIMSELF AND ALL OTHER QUALIFIED ELECTORS OF THE TOWN OF CAROLINA BEACH, v. TOWN OF CARO-LINA BEACH.

(Filed 11 July, 1934.)

**1. Elections A b: Municipal Corporations D a—**

A provision in the charter of a municipality limiting the right of suffrage in municipal elections to owners of real property within the town is unconstitutional. Art. VI of the Constitution of North Carolina.

**2. Municipal Corporations D b—**

Municipal officers elected under an unconstitutional charter provision restricting electors to owners of real property, but who have purported to qualify, and have assumed and exercised openly and without question the duties of their offices are *de facto* officers of the municipality.

**3. Same—Resident not objecting to exercise of official functions by de facto officers for two years may not challenge their authority.**

A resident of a municipality who has resided in the town for two years without objecting to the election of the municipal officers solely by owners of real estate therein, and has not objected to the open exercise of the duties of such offices by the officers so elected, it appearing that officers of the town had been so elected for seven years, may not challenge the authority of such *de facto* officers in issuing bonds for a necessary municipal expense upon the ground that the officers were not duly elected by the qualified voters of the town.

**4. Same: Public Officers B a—**

The right of municipal officers to exercise the respective duties of their offices can be challenged only by a direct proceeding to declare the offices vacant, and not by enjoining the exercise of their official functions.

**5. Municipal Corporations K c—**

Municipal bonds issued for a necessary expense by *de facto* officers of such duly constituted municipality are binding upon the public and third persons and constitute valid obligations of the municipality.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Harris, J.,* at 24 March Term, 1934, of NEW HANOVER.

The agreed facts necessary to present the question of law are as follows: The town of Carolina Beach was created as a municipal corporation by chapter 117, of the Private Laws of 1925, and amendment. This statute provided that the officers of the town should consist of a mayor and two commissioners, and that the mayor "shall sign all contracts on behalf of the town unless otherwise provided by law or ordinance or resolution with the board of commissioners." The statute further provided for commissioners of finance, public safety, and for the appointment of other officers of the municipality, declaring in section

10 that "the board of commissioners has and shall exercise all legislative powers, functions and duties conferred upon the town or its officers," etc. Section 15 of the act provided that candidates for the office of mayor and commissioners "shall be nominated at a primary election, which shall be held under such laws as are now in force or may hereafter be enacted, . . . but all candidates to be nominated or elected under this act shall be nominated and elected by the electors of said town at large." Regular elections for officers were prescribed in the act to be held "on the first Tuesday in May, 1927," and each officer was to hold office for a term of two years "and until his successor is elected and qualified."

The present officers of the town were duly elected in May, 1933, and immediately entered upon the discharge of their duties and "performed all the rights and duties of officers of municipalities, as prescribed by the laws of the State of North Carolina."

On 26 September, 1933, the board of commissioners of the town duly passed an ordinance authorizing the issuance of $50,000 of bonds for the "construction of a water supply system," etc. The bond ordinance provided for a tax levy sufficient to pay principal and interest. The foregoing ordinance was duly published on 27 September, 1933, but no petition was filed in accordance with the provisions of section 2947, of the North Carolina Code of 1921. It is admitted "that the issuance of the bonds for the construction of a waterworks system is a "necessary expense" under the laws of the State of North Carolina.

In 1929 the charter of the town was amended by chapter 78, of the Private Laws of 1929. Section 2 of said act provided "all persons owning property within the corporate limits of the town of Carolina Beach shall constitute the electors of the town of Carolina Beach and be entitled to vote in any election for the officers of said town."

W. J. Smith, the plaintiff, was born in the United States and is more than twenty-one years of age and has resided in the State of North Carolina for more than one year, and has lived within the corporate limits of the town of Carolina Beach for at least two years past, but does not own any real property within the corporate limits of said town, and while he is a duly qualified elector in accordance with the provisions of Article VI, sections 1 and 2, of the Constitution of North Carolina, has never participated in any election or primary held in the town for the nomination or election of the mayor or commissioners; and while he did not demand the right to vote and did not present himself for the purpose of casting his ballot in any election, yet no machinery was set up by the officers of said town or anyone else, which would enable him to participate in any election held for the election of the officers of said town.

On 21 March, 1934, Smith instituted this action for the purpose of restraining the issuing of said bonds and for declaring such bonds to be null and void, for the reason that the town has no duly elected and qualified officers.

The trial judge found as a fact that the town was duly constituted, "possessing the usual powers granted to cities and towns under the general laws of the State of North Carolina," and that the charter limiting the right to vote to owners of real estate in said town, was unconstitutional. It was further found that the commissioners elected in accordance with the provisions of the charter are not *de jure* officers but are *de facto* officers, and that such *de facto* officers "are without authority to issue said bonds and such issue would be invalid."

Thereupon the judgment restrained the issuing of the bonds and the defendant town appealed.

*Kellum & Humphrey for plaintiff.*
*Emmett Bellamy and J. O. Carr for defendant.*

BROGDEN, J. Are *de facto* officers of a duly constituted municipality authorized to issue and sign bonds for the necessary expenses of such municipality?

The provision of the town charter limiting the right of suffrage to real estate owners in the town is void by virtue of the provisions of Article VI of the Constitution of North Carolina. Notwithstanding, a mayor and commissioners have been elected in said town every two years since 1927, and said officers have purported to qualify, assuming and exercising openly and without question the duties not only imposed by the charter of the town, but by the general statutes of the state pertaining thereto.

What is a *de facto* municipal officer? A comprehensive definition of the term is found in *Waite v. Santa Cruz,* 184 U. S., 302, 46 L. Ed., 552, and is in the following language: "A *de facto* officer may be defined as one whose title is not good in law, but who is in fact in the unobstructed possession of an office and discharging its duties in full view of the public, in such manner and under such circumstances as not to present the appearance of being an intruder or usurper. When a person is found thus openly in the occupation of a public office, and discharging its duties, third persons having occasion to deal with him in his capacity as such officer are not required to investigate his title, but may safely act upon the assumption that he is a rightful officer." The same general idea has been expressed by this Court, speaking through *S. v. Lewis,* 107 N. C., 967, 12 S. E., 457, as follows: "An officer *de facto* is one whose acts, though not those of a lawful officer,

the law, upon principles of policy and justice, will hold valid, so far as they involve the interests of the public and third persons, where the duties of the office were exercised . . . under color of an election or appointment, by or pursuant to a public unconstitutional law, before the same is adjudged to be such." See, also, *Van Amringe v. Taylor,* 108 N. C., 196, 12 S. E., 1005; *Hughes v. Long,* 119 N. C., 52, 25 S. E., 743; *Rodwell v. Rowland,* 137 N. C., 617, 50 S. E., 319; *Whitehead v. Pittman,* 165 N. C., 89, 80 S. E., 976; *Markham v. Simpson,* 175 N. C., 135, 95 S. E., 106.

The trial judge has found as a fact that said officers are *de facto* officers of the town and there is no exception to such finding.

Moreover, the plaintiff cannot question the authority of these officers in this proceeding for two reasons: First, for a period of more than seven years the officers of the town have been elected pursuant to the provisions of the charter. The plaintiff has resided in the town for more than two years and has permitted such elections to be held and such officers to openly exercise and discharge all the duties and functions of regular officers of the municipality. *Van Amringe v. Taylor, supra.* Second, the right of the mayor and commissioners to assume and exercise official function can only be questioned by direct proceeding to declare the offices vacant. *Markham v. Simpson, supra.*

Therefore, as the plaintiff cannot question the authority of the officers except in a direct proceeding, and as the official acts of such *de facto* officers are binding upon the public and third parties, it necessarily follows that the bonds will constitute valid obligations of the municipality. Indeed, the Supreme Court of the United States in the *Waite case, supra,* expressly held that bonds duly issued and signed by *de facto* officers of the municipality were valid obligations.

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.