TOWN OF WILKESBORO, J. F. JORDAN, AS MAYOR OF WILKESBORO, AND C. T. DOUGHTON, J. R. HENDERSON, C. E. LENDERMAN AND C. A. LOWE AS COMMISSIONERS OF THE TOWN OF WILKESBORO, v. W. E. HARRIS, C. E. LENDERMAN, JOE R. BARBER, R. R. REINS, L. B. DULA, P. L. LENDERMAN, AND O. F. BLEVINS.

(Filed 20 November, 1935.)

APPEAL by defendants from *Phillips, J.,* at Chambers in Wilkesboro, 15 August, 1935. From WILKES.

This was a *mandamus* proceeding, instituted by the plaintiffs to compel the delivery to them by defendants of the tax books, check books, bond records, and all other records and property of the town of Wilkesboro.

The court, after considering the pleadings and affidavits offered by the plaintiffs and defendants, and after hearing arguments for all parties, entered judgment directing the sheriff of Wilkes County to seize the records and property described in the complaint and deliver the possession thereof to the plaintiffs. To this judgment the defendants objected and excepted, and appealed to the Supreme Court, assigning errors.

*Trivette & Holshouser, J. M. Brown, Chas. G. Gilreath, F. J. Mc-Duffie, and H. A. Cranor for defendants, appellants.*

*Fred S. Hutchins, H. Bryce Parker, J. H. Whicker, and R. C. Jennings for plaintiffs, appellees.*

SCHENCK, J. The basis of the individual plaintiffs' complaint is the allegation that they had been duly declared elected as mayor and aldermen of the town of Wilkesboro, respectively, at the election held on 7 May, 1935, and as such mayor and aldermen they were entitled to the possession of the records and other property of the municipality. This allegation is denied by the answer of the defendants, and, at the hearing, the defendants demanded a trial by jury, and, upon denial thereof, reserved exception.

Some of the defendants in this action were the plaintiffs in the case of *W. E. Harris et al. v. T. S. Miller et al.*, which was jointly argued with this case, and this day decided, *ante*, 746. In *Harris et al. v. Miller et al., supra*, it is held that there was no valid election on 7 May, 1935, and the judgment of the court which authorized the canvass of the illegal votes cast and the declaration of the results of the invalid election is reversed. In the light of this holding, it is manifest that the plaintiffs cannot maintain this action.

The judgment of the court below is reversed, and this case is remanded that judgment directing the records and property heretofore seized by the sheriff and delivered to the plaintiffs be returned to the defendants.

Reversed and remanded.

DEVIN, J., took no part in the consideration or decision of this case.