This was an action to determine the lawful tax rate for the town of Wilkesboro for the year 1935, and to restrain the enforcement of the collection of taxes alleged to have been improperly levied for that year.
It was agreed that the judge presiding below should find the facts in the case "from the pleadings filed therein, and draw his conclusions of law from the facts so found." There appears to be no controversy as to the facts alleged in the pleadings.
Thereupon his Honor found the following facts:
"C. E. Lenderman, Joe R. Barber, R. R. Reins, and L. B. Dula were legally elected as the Board of Commissioners of the town of Wilkesboro at the municipal election for said town, held in May, 1935, and that W. E. Harris was elected mayor in the same election; that there was a contest over said election in which certain litigation, was had, and pending the final determination of the litigation, another group of officers were installed as the officials of said town for a period of several months; but it was finally determined that the officials as above named were the duly elected officials of the town. Pending the time of the election and the installation of the de facto board of officials the legally elected officials properly adopted a budget and fixed as tax levy on the property in said town at $1.50 per hundred dollars valuation, all said adoption and levy being regular and legal in every respect; but the proceedings were not recorded upon the books of the town at that time. Following this, the defacto board took office, and finding no record of said budget and levy, adopted a budget and fixed a levy of $1.25 per hundred, and while said levy was in effect some of the citizens and property owners of the said town paid taxes upon that basis and received receipts therefor. By the final decree in the litigation the officers named were reinstalled in office; and they adopted proper resolution declaring that a regular budget and tax levy upon the rate of $1.50 had theretofore been made by them, all as shown in paragraph 12 of the complaint herein, and again fixed the tax rate at $1.50 per hundred dollars.
"It is conceded as a matter of law by all parties hereto that the officials named above were the duly and legally elected officials of said town and that the temporary board was acting in a de facto capacity during its tenure.
"Upon the foregoing findings of fact the court concludes as a matter of law that the legal tax rate for the town of Wilkesboro for the fiscal year 1935 is $1.50 per hundred; that payments made to the temporary board at the rate of $1.25 were legally and properly made, and that the persons making said payments are entitled to full credit for the amount *Page 273 
so paid, but that they are still indebted to the said town for the difference between the two rates, to wit, 25c per $100.00 valuation.
"It is therefore considered, ordered and decreed that the petition herein be denied, and the restraining order dismissed, and it is further decreed that the legal and valid tax rate of said town for the year 1935 is $1.50 per hundred, and that payments made by taxpayers upon any other basis should be credited accordingly and the difference thereupon collected by the authorities of said town, and the tax collector of said town is hereby authorized and directed to proceed in accordance with this decree."
Plaintiffs appealed.
The facts found by the court below are sufficient to support the judgment.
Questions involved in the litigation over the municipal offices in the town of Wilkesboro in 1935 were considered by this Court in Harris v.Miller, 208 N.C. 746, 182 S.E. 663; Wilkesboro v. Harris, 208 N.C. 749,182 S.E. 665; and Wilkesboro v. Jordan, 212 N.C. 197,193 S.E. 155. The action of the de facto board of commissioners in levying a tax rate of $1.25 per hundred dollars valuation, could not be upheld as the valid act of the taxing authorities of the town for the reason that, as found by the court, the legal or de jure board had previously, when in the unobstructed possession of the offices and in regular and proper form, adopted a budget and fixed the tax rate at $1.50, and had again later reaffirmed said rate. Baker v.Hobgood, 126 N.C. 149, 35 S.E. 253; Smith v. Carolina Beach,206 N.C. 834, 175 S.E. 313.
Judgment affirmed.