OSCAR WRENN v. TOWN OF KURE BEACH, a MUNICIPAL CORPORATION; BOARD OF COMMISSIONERS OF THE TOWN OF KURE BEACH; ED LEWIS, G. TAFT RUSS and JOHN O'BIERNE, COMMISSIONERS OF THE TOWN OF KURE BEACH; W. L. FLOWERS, MAYOR OF THE TOWN OF KURE BEACH; and KENNETH L. HUNN, TOWN CLERK AND TREASURER OF THE TOWN OF KURE BEACH.

(Filed 19 March, 1952.)

**1. Municipal Corporations § 11a: Taxation § 4—**

Although provision of a municipal charter that nonresident freeholders should be entitled to vote in its elections, is void, Art. VI of the Constitution of North Carolina, where only voters possessing the qualifications prescribed by the Constitution actually vote in a bond election in the munici-

pality, the election is valid, and approval of the issuance of bonds by the voters in such election is effective.

**2. Municipal Corporations § 11b: Public Officers § 5a—**

Where the offices of mayor and commissioners of a municipality are created by the General Assembly, and in accordance with the town charter, the Governor appoints to these offices men selected by an election in which nonresident freeholders were allowed to vote under the charter provisions of the town, and such officers are recognized as such and their acts acquiesced in by the residents of the town and the public generally, such officers are at least *de facto* officers of *de jure* offices.

**3. Public Officers § 9—**

The official acts of *de facto* officers cannot be collaterally attacked.

APPEAL by plaintiff from *Burney, J.,* January Term, 1952, of NEW HANOVER. Affirmed.

*Rountree & Rountree for plaintiff, appellant.*
*Royce S. McClelland for defendants, appellees.*

DEVIN, C. J.   Plaintiff, a resident and taxpayer of the Town of Kure Beach, instituted this action to restrain the town from issuing municipal bonds for the acquisition and installation of water and sewer systems for the use and benefit of the town.   Plaintiff alleged that the bonds if issued would not constitute valid obligations of the town.

The case was heard below upon stipulations from which the following pertinent facts were made to appear: The Town of Kure Beach is and was a duly created and existing municipal corporation by virtue of Chap. 906, Session Laws 1947, and Chap. 587, Session Laws 1949, the governing body consisting of three Commissioners and a Mayor appointed by the Governor of North Carolina.   In June, 1951, the defendants Lewis, Russ and O'Bierne were appointed by the Governor members of the Board of Commissioners of the town for a term of two years, said appointment having been made in accord with section 12 of the town charter.   Defendant Flowers was chosen as Mayor, upon the resignation of a previous incumbent, by the Governor pursuant to election and recommendation of the Board of Commissioners, according to the provisions of the charter. Defendant Hunn was appointed Clerk and Treasurer by the Board of Commissioners.

On 10 September, 1951, the defendants acting as Commissioners of Kure Beach adopted appropriate resolutions and enacted ordinances for issuing water and sewer bonds in the sum of $260,000, and ordered an election to be held 23 October, 1951, on the question of the approval of the bonds for the purposes declared.   Notice of election was duly published and new registration of voters ordered.   At the election all persons

qualified to vote under Art. VI of the Constitution of North Carolina were permitted to vote. A majority of the votes cast were in approval of the proposed issue of bonds and the result declared.

Section 4 of the Charter of Kure Beach contains the following provision: "All owners of lots within the town limits and all *bona fide* residents of said town shall have the right to vote in any election held under this Act, and shall be denominated a qualified voter, and shall have the right to vote in any election as in this Act and by the laws of the State of North Carolina provided."

Section 12 of the Charter provides in substance that the Governor shall appoint as Mayor and members of the Board of Commissioners of Kure Beach those recommended for these positions as the result of a ballot in which nonresident freeholders as well as legal residents of the town were permitted to vote.

The plaintiff alleged that the bonds if issued would be invalid for two reasons: (1) that the Charter of the Town of Kure Beach permitted nonresident owners of lots in the town to vote in all elections, and (2) that the Mayor and members of the Board of Commissioners, who adopted the bond resolution and ordered the election, were chosen in the manner prescribed by the Charter in which nonresident freeholders were permitted to participate in the selection of those recommended for appointment by the Governor, and that hence the bond resolutions and election were not legally authorized.

1. While the provision contained in sec. 4 of the Town Charter permitting nonresident freeholders to vote in all municipal elections was void because in conflict with Art. VI of the Constitution (*Smith v. Carolina Beach,* 206 N.C. 834, 175 S.E. 313), it is stipulated that those who were permitted to vote in the bond election on 23 October, 1951, did possess the qualifications prescribed by the Constitution, and there is no suggestion that any person not so qualified was permitted to vote or voted in the election. Since this provision of the Town Charter to which appellant's objection is pointed in no way affected or influenced the election, the validity of bonds voted by a majority of the qualified electors of the town may not be successfully challenged on the ground that the election was void.

2. The indirect method of selecting a mayor and town commissioners for the Town of Kure Beach by primary balloting, upon the outcome of which the Governor must appoint, is objectionable for the reason that the ballots of nonresident freeholders would be counted in the selection of those recommended for appointment by the Governor to fill these offices. However, we think the official acts of those persons who were appointed by the Governor and who were acting under that appointment should be

upheld for the reason that if not *de jure* they were *de facto* officers of the Town of Kure Beach.

The offices they held were *de jure*.  The General Assembly created the public offices of Mayor and members of the Board of Commissioners of the Town of Kure Beach.  The incumbents of those offices who adopted the bond resolutions and ordered the election and declared the result were acting under color of a valid appointment as such officers.  They were recognized as such, and their acts acquiesced in by people of Kure Beach and the public generally.  They exercised openly and without question the duties of these offices.  Under these circumstances their acts done in furtherance of the interest of the town they were serving must be upheld.  This is in accord with numerous well considered decisions of this Court.  *Norfleet v. Staton,* 73 N.C. 546; *S. v. Lewis,* 107 N.C. 967, 12 S.E. 457; *Markham v. Simpson,* 175 N.C. 135, 95 S.E. 106; *Smith v. Carolina Beach,* 206 N.C. 834, 175 S.E. 313; *In re Wingler,* 231 N.C. 560, 58 S.E. 2d 372; *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185; *Idol v. Street,* 233 N.C. 730 (734), 65 S.E. 2d 313.  Nor may their right to hold these offices be indirectly attacked.  *Markham v. Simpson, supra* (139) ; *Smith v. Carolina Beach, supra; In re Wingler, supra.*

We conclude that the grounds upon which the aid of the Court was sought to restrain the issue of bonds of the Town of Kure Beach for the purposes declared were insufficient, and that the judgment below declaring that these bonds when issued pursuant to applicable statutes would be valid obligations of the Town of Kure Beach should be affirmed, and it is so ordered.

Affirmed.