STATE ex rel. J. J. WOOTEN v. W. M. SMITH.

(Filed 27 November, 1907).

**Quo Warranto—Public Administrator—City Recorder—Public Officer—Constitutional Law.**

A public office is an agency for the State, and the person whose duty it is to perform the agency is a public officer.    Therefore. the public administrator is not a holder of a public office within the constitutional prohibition, and an action in the nature of *quo warranto* will not lie against a person for the reason of his holding the office of recorder of a city and the position of public administrator at the same time.

CIVIL ACTION, in the nature of *quo warranto,* heard by *Ferguson, J.* (jury trial waived), at July Term, 1907, of the Superior Court of MECKLENBURG County, to determine the right of defendant to hold the office of recorder of the city of Charlotte and at the same time to act as public administrator of the county of Mecklenburg.

From judgment in favor of the defendant and dismissing the action the relator appealed.

*Maxwell & Keerans* for defendant.
No counsel *contra.*

BROWN, J.    As we were not favored with either brief or argument on the part of the relator, we are at a loss to comprehend exactly upon what grounds the contention is based that the public administrator of a county fills an office or place of trust within the meaning of Article XIV, section 7, of the Constitution of this State.    We presume it is supposed that he fills a place of trust within the meaning of that article.

STATE *v.* SMITH.

The office or place of trust there indicated involves the delegation to the individual of some part of the sovereign functions of the government, to be exercised for the benefit of the public. In *Clark v. Stanly,* 66 N. C., 59, it is said: "A public office is an agency for the State, and the person whose duty it is to perform the agency is a public officer." At common law there was no limit on the right of a citizen to hold two or more offices, except the incompatibility of their duties. Now it is a matter of constitutional prohibition, and it is not necessary to determine whether there is any incompatibility, but only whether the places filled constitute offices or places of trust coming within that prohibition.

An office or place of trust requiring a proceeding by *quo warranto* for the motion of the incumbent is defined as follows: "A public position to which a portion of the sovereignty of the country, either legislative, executive or judicial, attaches for the time being, and which is exercised for the benefit of the public." High Ex. Leg. Rem., sec. 620; Mechem Pub. Off., sec. 1.

The most important characteristic which distinguishes an office from a public agency is that the conferring of the office carries with it a delegation to the individual of some of the sovereign functions of the government. In this respect the terms "office" and "place of trust," as used in our Constitution, are synonymous. *Doyle v. Raleigh,* 89 N. C., 136; *Barnhill v. Thompson,* 122 N. C., 495. As there used, the word "office" is to be distinguished from those agencies or administrative places which are *quasi* public only, as the charge or office of an administrator or guardian.

The place of public administrator partakes of some of the usual incidents of an office, but not of the essential one to bring it within the purport of the Constitution.

A term is fixed and an oath is required, but so is an oath required of all administrators, executors and guardians. The public administrator is not required to take an oath to sup-

STATE *v.* SMITH.

port the Constitution, but simply to discharge the duties of his trust, similar in all respects to the oaths administered to all other administrators.

At the expiration of his term, or upon resignation, the same individual may continue to manage the several estates committed to him until he shall have fully administered them. Revisal, sec. 21. It is incompatible with our received ideas of a public office that the former incumbent may continue to discharge some of its duties and receive some of its emoluments for an indefinite period after vacating it. The public administrator exercises no governmental function whatever, and is the depository of none of the State's sovereignty, and in that respect the place lacks the essential element necessary to constitute a public office.

It is an administrative agency or public employment, and, as was said by *Chief Justice Marshall*, "although an office is an employment, it does not follow that every employment is an office." *United States v. Maurice,* 2 Brock. (U. S. C. C.), 96.

The duties performed by the public administrator are services performed under the public authority, as those of other administrators are performed, and for the public good, but they are not performed in the exercise of any standing laws considered as rules of action applicable to the public generally. The place does not carry with it the dignity or essential characteristics of a public office. It does not affect the public generally, but is confined entirely to the settlement of such estates as are necessarily committed to its charge. It is, therefore, evident that a writ of *quo warranto* will not lie either to remove the incumbent or to inquire by what authority he performs the duties or receives the emoluments of the place.

We are of opinion that his Honor properly dismissed this proceeding at the cost of the relator.

Affirmed.