### W. T. WHITEHEAD v. F. C. PITTMAN.

(Filed 25 February, 1914.)

**1. Constitutional Law—Two Offices—Acceptance.**

Where one holding an "office or place of profit" accepts another such office or position in contravention of Article XIV, sec. 7, of the Constitution, the first is vacated *eo instanti*, and any further acts done by him in connection with the first office are without color, and cannot be *de facto*.

**2. Same—Quo Warranto—Cities and Towns—Cotton Weigher.**

In an action to oust a present incumbent from the position of cotton weigher of a town elective by its commissioners, where the complainant ·is dependent upon a vote in his favor by a commissioner who had accepted the position of county superintendent of public instruction, the vote relied upon is void, and the action will fail.

WALKER, J., concurs in result only.

APPEAL by plaintiff from *Peebles, J.,* at the Spring Term, 1914, of HALIFAX.

*W. E. Daniel for plaintiff.*
*George C. Green for defendant.*

CLARK, C. J. This is an action to oust the defendant from the office of cotton weigher of the town of Enfield. In August, 1913, the board of commissioners of Enfield was composed of four members besides A. S. Harrison, who had been elected commissioner with the others in May, 1913. But in June, 1913, he had been elected and qualified as superintendent of public instruction for Halifax County, and was acting as such in August, 1913.

In August, 1913, the board of commissioners of Enfield balloted for the position of cotton weigher of said town. · The plaintiff Whitehead received the votes of only two commissioners besides the vote of A. S. Harrison. The defendant Pittman, who was the incumbent, received one vote and one vote was given for another party. The statutory number of the board of commissioners was seven.

The judge finds as a fact that Harrison resigned, and his resignation was accepted. But even if he had not, his acceptance of the position of county superintendent of public instruction *eo instanti* vacated his position on the board of commissioners. *Midgett v. Gray,* 159 N. C., 443; *Barnhill v. Thompson,* 122 N. C., 493. There were therefore only two votes cast for the plaintiff out of the four legal votes cast, and he was not elected.

The Constitution, Art. XIV, sec. 7, provides: "No person who shall hold any office or place of trust or profit under the United States, or any department thereof, or under the State, or under any other State or government, shall hold or exercise any other office or place of trust or profit under the authority of this State, or be eligible to a seat in either House of the General Assembly: *Provided,* that nothing herein contained shall extend to officers in the militia, justices of the peace, commissioners of public charities, or commissioners for special purposes."

In *S. v. Smith,* 145 N. C., 476, it is said that in the purview of this section it is immaterial whether one of the positions, or both, are "offices" or "places of trust or profit."

In *Barnhill v. Thompson,* 122 N. C., 493, it is held: "The acceptance of a second office by one holding a public office operates *ipso facto* to vacate the first. While the officer has a right to elect which he will retain, his election is deemed to have been made when he accepts and qualifies for the second." The acceptance of the second office is of itself a resignation of the first.

In this case the court finds as facts not only that Harrison accepted the second office and was exercising its duties, but, also, that he had sent in his resignation as a commissioner and the same had been accepted.

This is not the case of one holding an office under color of title, and therefore a *de facto* officer, whose acts are valid (*Norfleet v. Staton,* 73 N. C., 551); for Harrison's acceptance of the second office and his resignation, and either of these acts, was a vacation of the first office, and he was hence no longer commissioner either *de facto* or *de jure.* He was a mere usurper, whose acts were utterly void. *Van Amringe v. Taylor,* 108 N. C., at p. 201, and cases there cited.

Neither is this the case of a.*de facto* officer, whose acts are held valid as to third parties and the public, from exercising the functions of his office for a "considerable length of time," as in *Hughes v. Long,* 119 N. C., 52, where it was held that the probate of a *de facto* clerk was valid. Nor is it the case of a *de facto* officer under a questionable election or appointment, whose acts are held valid until his title is decided in an action for that purpose. *Norfleet v. Staton, supra.* But here Harrison was a mere usurper, having vacated his office as commissioner both by resignation duly accepted and by accepting another office and exercising its duties, which was notice to the public that he was not a *de facto* town commissioner, though he continued to act.

The court properly adjudged that the plaintiff was not entitled to the office of cotton weigher.

Affirmed.

WALKER, J., concurs in result only.