## SUNCREST LUMBER CO. v. NORTH CAROLINA PARK COMMISSION et al.

Circuit Court of Appeals, Fourth Circuit.
Nov. 27, 1928.

No. 2799.

Thomas S. Rollins, of Asheville, N. C., Byron F. Ely, of Ridgway, Pa., and Alfred S. Barnard, of Asheville, N. C. (J. Bat Smathers and Rollins & Smathers, all of Asheville, N. C., on the brief), for appellant.

A. L. Brooks, Asst. Atty. Gen. and L. R. Varser, Asst. Atty. Gen. (Frank Carter, of Asheville, N. C., on the brief), for appellees.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge. This is an appeal from an order denying an application for an interlocutory injunction. The appellant here, the Suncrest Lumber Company, was complainant in the court below, and the members of the North Carolina Park Commission and the commission itself were defendants. Complainant sought an injunction to restrain defendants from instituting proceedings under the Act of February 25, 1927, c. 48, Public Laws of North Carolina, Session of 1927, to condemn lands belonging to complainant, and from applying for restraining orders and injunctions against complainant under the provisions of that act. Injunction was sought on the ground that the act violated provisions of the Constitution of the United States. The District Judge modified the temporary restraining order and denied the interlocutory injunction, imposing however, certain conditions as to the filing of bonds, and complainant has appealed.

At the threshold of the case we are confronted with the question of jurisdiction. There can be no question that complainant sought an interlocutory injunction to restrain the enforcement and execution of a statute of the state of North Carolina on the ground that the statute was unconstitutional. If, therefore, the persons sought to be restrained by the injunction are officers of the state, there can be no doubt that the case falls squarely within the provisions of section 266 of the Judicial Code (28 USCA § 380), which requires a court of three judges, and hence that the judge below was without jurisdiction to enter the order complained of. In the matter of the Public National Bank of New York, Petitioner, 49 S. Ct. 43, 73 L. Ed. —— (decided November 19, 1928); Ex parte Collins, 48 S. Ct. 585, 72 L. Ed. 990; Henrietta Mills Co. v. Rutherford County (D. C.) 26 F.(2d) 799.

And we think there can be no doubt that defendants are officers of the state within the ordinary meaning of these words and within the meaning intended by section 266 of the Judicial Code. It is true that the North Carolina Park Commission is created a body "politic and corporate"; but it is created such, not as an ordinary corporation, but as an agency of the state of North Carolina, to exercise sovereign powers in behalf of the state and in its name. Yarborough v. North Carolina Park Commission (N. C.) 145 S. E. 563 (decided November 21, 1928). The members of the commission act in behalf of the state, and the fact that the commission is incorporated does not deprive them of their character as state officers. 22 R. C. L. 396; Fox v. Mohawk, etc., Humane Soc., 165 N. Y. 517, 59 N. E. 353, 51 L. R. A. 681, 685, 80 Am. St. Rep. 767; People v. State Board of Canvassers, 129 N. Y. 360, 29 N. E. 345, 14 L. R. A. 646; Clark v. Stanley, 66 N. C. 59, 8 Am. Rep. 488.

"A public office" said Chief Justice Pearson in the case last cited, "is an agency for the state, and the person whose duty it is to perform this agency is a public officer. This we consider to be the true definition of a public officer in its original broad sense. The essence of it is the duty of performing an agency; that is, of doing some act or acts, or series of acts, for the state."

In State ex rel. Wooten v. Smith, 145 N. C. 476, 59 S. E. 649, Judge Brown, speaking for the court, said:

"An office or place of trust requiring a proceeding by quo warranto for the motion of the incumbent is defined as follows: 'A public position to which a portion of the sovereignty of the country, either legislative, executive or judicial, attaches for the time being, and which is exercised for the benefit of the public.' High, Ex. Leg. Rem. § 620; Mechem, Pub. Off. § 1. The most important characteristic which distinguishes an office from a public agency is that the conferring of the office carries with it a delegation to the individual of some of the sovereign functions of the government. In this respect the terms 'office' and 'place of trust,' as used in our Constitution, are synonymous."

And in Groves v. Barden, 169 N. C. 8, 84 S. E. 1042, L. R. A. 1917A, 228, Ann. Cas. 1917D, 316, the court approved the following statement of the rule from 17 Ann. Cas. 452:

"It may be stated as a general rule, fairly deducible from the cases discussing this question, that a position is a public office when it is created by law, with duties cast upon the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned, and which also are continuing in their nature and not occasional or intermittent."

See, also, U. S. v. Smith, 124 U. S. 525, 8 S. Ct. 595, 31 L. Ed. 534; State ex rel. Key v. Bond, 94 W. Va. 255, 118 S. E. 276; 22 R. C. L. 395, 396.

The defendant members of the North Carolina Park Commission unquestionably occupy positions created by law, which involve an exercise of a portion of the sovereign power of the state, and with the performance of which the public is concerned. They have the power to require the treasurer of the state of North Carolina to issue and sell $2,000,000 of bonds on the credit of the state, to exercise full control over the proceeds of the bonds while in the hands of the state treasurer, and to expend such proceeds in the purchase of land in the name of and for the benefit of the state. They are authorized to conduct proceedings for the acquirement in the name of the state of title to lands to be used for a public park, and after such title has been acquired to convey it to the federal government. They are vested with the power of eminent domain, to be exercised in behalf of the state, and with the discretion to determine whether lands shall be acquired for the state at the prices at which they have been appraised. Although the members of the commission are appointed by the act creating it, vacancies in membership are to be filled by appointment of the Governor. Surely persons occupying such positions are to be deemed officers of the state, in any fair meaning of these words.

And when we consider the reason and spirit of the statute, which has been incorporated in the Judicial Code as section 266, we think that defendants are clearly officers of the state within its meaning. That statute was enacted because it was thought unseemly that one District Judge should stop the officers of a state in the enforcement of its laws, and thereby in effect set aside the deliberate act of its Legislature. The defendants here have been expressly designated by the Legislature to carry out the park project upon which the state has embarked in co-operation with the state of Tennessee and the national government. They represent, not a county or locality, as in the Henrietta Mills Case, supra, but the state itself, and an injunction restraining them would in effect restrain the action of the state, and would set aside the action of the state Legislature.

For these reasons the learned District Judge was without power to pass upon the

application for interlocutory injunction without calling to his assistance two other judges, as required by section 266 of the Judicial Code, and his attempted action is void. Ex parte Metropolitan Water Co., 220 U. S. 539, 31 S. Ct. 600, 55 L. Ed. 575. We cannot pass upon the matter here because the appeal from the court of three judges is not to this court, but to the Supreme Court. The order appealed from will be set aside, therefore, and the case will be remanded to the District Court, for further proceedings not inconsistent with this opinion.

Order set aside, and cause remanded.