IN THE MATTER OF ROSA LEE BARNES.

(Filed 5 January, 1938.)

**1. Statutes § 7—**

As a general rule, statutes framed in the present tense will be construed to apply not only to conditions existing at the time of their enactment, but also to conditions arising thereafter.

**2. Courts § 7—Municipal and general county courts in same municipality are given concurrent jurisdiction of offenses less than felonies.**

A general county court was established in a municipality of the county under ch. 216, sec. 13, Public Laws of 1923. (C. S., 1608 m.) Thereafter

a municipal recorder's court was established in the same municipality under ch. 277, Public Laws of 1919. (C. S., 1541 *et seq.*) The statutes conferring jurisdiction on the courts respectively provided that each court should have exclusive original jurisdiction of offenses below the grade of felony as defined by law. Both courts were established after the enactment of ch. 85, sec. 1 (5), Public-Local Laws, Extra Session 1924, which provides that where general county courts are established under ch. 216, Laws of 1923, in municipalities having special or municipal courts, the jurisdiction of the general county court should be concurrent with that of the special court. *Held:* The amendment of 1924 is prospective in effect and applies to general county courts then in existence or thereafter created, and to such courts even though the municipal court is established after the general county court, and a conviction in the municipal court may not be successfully attacked on the ground that the statute giving it jurisdiction over misdemeanors was repealed by the later statute prescribing the jurisdiction of the general county court.

**3. Courts § 6: Public Officers § 4b—Effect of accepting another public office in contravention of Constitution is to vacate first office.**

The jurisdiction of a judge of a municipal recorder's court to impose sentence cannot be successfully attacked on the ground that at the time the recorder was appointed he was mayor of the municipality and therefore held two offices in contravention of Art. XIV, sec. 7, of the State Constitution, since even if it be granted that the statute permitting a mayor to be appointed recorder (sec. 2, ch. 32, Public Laws of 1923, C. S., 1537) confers upon the mayor when chosen recorder other than *ex officio* duties, the acceptance of the office of recorder would vacate the office of mayor, but would not affect the office of recorder.

THIS is a review by writ of *certiorari* of a judgment refusing to release the petitioner, Rosa Lee Barnes, upon a writ of *habeas corpus,* entered by *Williams, J.,* 20 October, 1937, at Tarboro. From WILSON. Affirmed.

*Connor & Connor, Thomas J. Moore, and Luke Lamb for petitioner, appellant.*

*Attorney-General Seawell and Assistant Attorneys-General McMullan and Bruton for the State, appellee.*

SCHENCK, J. The petitioner was, on 27 September, 1937, tried, convicted, and sentenced to imprisonment for six months by the municipal recorder's court of the town of Wilson, upon a warrant charging her with a violation of section 13, chapter 49, Public Laws 1937, in that she had in her possession alcoholic beverages upon which the taxes imposed by the laws of Congress of the United States and by the laws of the State had not been paid, the punishment for such offense being fixed by the statute as a fine and imprisonment in the discretion of the court.

The municipal recorder's court of the town of Wilson was, in the year 1937, created by an election under the provisions of chapter 277, Public Laws 1919 (Article 18, chapter 27, sections 1536 *et seq.* of Con-

solidated Statutes), and began to function as such court prior to 10 September, 1937.

Section 4, chapter 277, Public Laws 1919 (C. S., 1541), reads:

"The said court (municipal recorder's) shall have the following jurisdiction within the following named territory:

.           .           .           .           .           .           .

"(c) Exclusive, original jurisdiction of all other criminal offenses committed within the corporate limits of such municipality and outside, but within a radius of two miles (changed to five miles by section 3, chapter 32, Public Laws 1925) thereof, which are below the grade of a felony as now defined by law, and the same are hereby declared to be petty misdemeanors."

There is in Wilson County, in which the town of Wilson is situated, a general county court, which was duly created in the year 1924 under the provisions of chapter 216, Public Laws of 1923 (Article 24, chapter 27, sections 1608 [f] et seq. of Consolidated Statutes).

Sec 13, chapter 216, of the Public Laws 1923 (C. S., 1608 [m]), reads:

"The general county court, herein provided for, shall have the following jurisdiction in criminal actions within the county:

.           .           .           .           .           .           .

"(4) . . . shall have exclusive original jurisdiction of all other criminal offenses committed in the county below the grade of a felony as now defined by law, and the same are hereby declared to be petty misdemeanors."

Section 25, chapter 216, Public Laws 1923, reads:

"All laws and clauses of laws in conflict with this act are hereby repealed."

It is the contention of the petitioner that since the provisions of the Act of 1919 and those of the Act of 1923, conferring jurisdiction on the municipal court and on the general county court, respectively, are in apparent conflict, as both courts are given exclusive original jurisdiction of criminal offenses below the grade of felony within the territorial jurisdiction of the municipal recorder's court, and since the subsequent act contains a general repealing clause, the municipal court was deprived of its jurisdiction of petty misdemeanors of the class in which the offense of which the petitioner was convicted falls. This contention may have been made with considerable force but for an amendment to chapter 216, Public Laws 1923, which was made by section 1, subsection 5, chapter 85, Public-Local Laws, Extra Session 1924, C. S., 1608 (m), and reads:

"5. In counties in which there is a special court or courts for cities and towns, the jurisdiction of the general county court in criminal actions shall be concurrent with the jurisdiction conferred upon such special courts."

24—212

This amendment was enacted the same year, but prior to the creation of the general county court of Wilson County.

It is argued by the petitioner, however, that if this amendment of 1924 preserves the jurisdiction of any municipal courts created under chapter 277, Public Laws 1919, in counties wherein general county courts are created under chapter 216, Public Laws 1923, it only preserves the jurisdiction of such municipal courts as existed at the time of the passage of the Act of 1923 or of the amendment thereto. This argument is based upon the use of the word "is" in the amendment, it being argued that since the present tense of the verb "to be" appears therein, the amendment can only refer to the then existing courts for cities and towns. With this argument we cannot agree.

"Where a statute is expressed in general terms and in words of the present tense, it will as a general rule be construed to apply not only to things and conditions existing at its passage, but will also be given a prospective interpretation, by which it will apply to such as come into existence thereafter." 59 C. J., 1105.

We are of the opinion, and so hold, that when the amendment of 1924 is construed *in pari materia* with both chapter 216, Public Laws 1923, and chapter 277, Public Laws 1919, it has a prospective purpose and means that when general county courts exist or are created in counties where special courts for cities and towns shall be, or shall have been created, or are in contemporaneous existence, their jurisdiction shall be as defined in the amendment, that is, concurrent with the jurisdiction conferred upon such special courts. This construction avoids any conflict between the statutes conferring jurisdiction upon general county courts and municipal recorder's courts, respectively, and continues intact the jurisdiction of the municipal recorder's court of Wilson of that class of offenses in which the offense of which the petitioner was convicted falls.

The petitioner also contends that Charles B. McLean, who, as recorder of the municipal recorder's court of the town of Wilson, imposed judgment upon her, was without jurisdiction to impose such judgment for the reason that he could not legally act as recorder of such court, since at the time he was chosen and assumed the duties of recorder he was mayor of the town of Wilson, and was barred from holding the two offices by Article XIV, section 7, of the Constitution of North Carolina.

Chapter 277, Public Laws 1919 (C. S., 1537), was amended by section 2, chapter 32, Public Acts of 1925, by the addition of the following: "Provided further, the recorder may also be the mayor of the municipality," and McLean was duly chosen recorder. If this statute, as amended, did more than confer upon the mayor, when chosen recorder, other *ex officio* duties not inconsistent with those already exercised, and

thereby created another office, then it might be argued that the office of mayor was vacated by the acceptance of the office of recorder, but the office of recorder was not vacated. McLean was first mayor and then recorder. One holding an "office or place of trust or profit" by accepting another such office or place, in contravention of the Constitution, vacates the first office or place and not the second. *Whitehead v. Pittman,* 165 N. C., 89. However, the *status* of McLean as it relates to the office of mayor of the town of Wilson is not before us and we do not pass thereupon. All that we decide is that Charles B. McLean was the legally constituted recorder of the municipal recorder's court of the town of Wilson, and as such had jurisdiction to impose the judgment upon the petitioner.

The judgment of Judge Williams is
Affirmed.