On 3 September, 1946, the following communication was received from His Excellency, R. Gregg Cherry, Governor of the State of North Carolina: 27 August 1946
HONORABLE W. P. STACY Chief Justice
HONORABLE MICHAEL SCHENCK HONORABLE W. A. DEVIN HONORABLE M. V. BARNHILL HONORABLE J. WALLACE WINBORNE HONORABLE A. A. F. SEAWELL HONORABLE E. B. DENNY Associate Justices
RALEIGH, NORTH CAROLINA.
MY DEAR SIRS:
Honorable Robert P. Patterson, Secretary of War, has requested Honorable F. Donald Phillips, Judge of the Superior Court of the Thirteenth Judicial District, to accept an appointment by the War Department as one of the presiding judges of the military courts set up by the War Department, under a directive of the War Department, for the trial of was criminals exclusively in the American zone of occupation in Germany. I am attaching herewith a copy of a letter to me from the Secretary of War. *Page 773 
Judge Phillips has requested leave of absence as Judge of the Superior Court of the Thirteenth Judicial District, without pay, for a period of one year or for less than one year, if the present national emergency declared by Congress is terminated before the end of such year. Such leave of absence is requested by Judge Phillips under the provisions of G.S.,128-39, and is asked for on the condition that such leave of absence could be granted by me under the terms of the statute, G.S., 128-39. The leave of absence requested by Judge Phillips would not be desired by him if the acceptance of the appointment of the War Department, as a presiding judge of the military court referred to, would result in and be regarded as a resignation by Judge Phillips of his office as a Judge of the Superior Court.
I would not wish to grant the leave of absence if the granting of same and acceptance of such position by Judge Phillips would result in vacating his office as Judge of the Superior Court, and I would not wish to grant the said leave of absence unless, under authority of the statute. G.S.,128-39, during the period of the leave of absence, I would have the authority to appoint a person to act as Judge of the Superior Court in the place and stead of Judge Phillips, with all his authority, duties, perquisites, and emoluments during the continuation of the leave of absence.
I have received a letter from Honorable Harry McMullan, Attorney-General, under dated of 26 August, 1946, which is hereto attached, in which it is stated that doubt exists as to whether or not such a leave of absence could be granted under these circumstances without causing Judge Phillips to vacate his office as Judge of the Superior Court.
In view of the fact that in the event such a leave of absence is granted, grave questions of public concern would arise affecting the validity of the judicial acts which might be performed by any person appointed by me as the Acting Judge of the Superior Court during the leave of absence, as well as the status of Judge Phillips resulting from the acceptance of such appointment, in the public interest I desire to herewith request the opinion of the Chief Justice and Associate Justices of the Supreme Court of North Carolina, specifically covering the following questions:
1) In view of the provisions of Section 11 of Article IV of the State Constitution, that every Judge of the Superior Court shall reside in the district for which he is elected and the other provisions of said section, would I, as Governor of North Carolina, under authority of the statute, G. S., 128-39, have the power and authority to grant a leave of absence to Honorable F. Donald Phillips, Judge of the Superior Court, for a period of one year for the purpose of acting as one of the presiding judges of the military courts of the United States Army set up by the War Department in the American occupied zone of Germany? *Page 774 
2) If such leave of absence may be granted and it is found necessary to appoint some other person to perform the duties of Honorable F. Donald Phillips, Judge of the Superior Court, during the term of such leave, could such person so appointed serve without regard to the residence or district in which such person resides, as provided in G.S., 128-39?
3) Would such person so appointed have all the authority, duties, perquisites and emoluments of a Judge of the Superior Court, regularly nominated in the Thirteenth Judicial District and elected by the people of the State of North Carolina to the office of Superior Court Judge?
4) Would acceptance by Judge F. Donald Phillips of the position tendered him by the War Department, as a presiding judge of the military courts set up by the War Department for the trial of war criminals exclusively in Germany for a term of not exceeding one year, amount to a resignation by Judge Phillips of his position as a Judge of the Superior Court, or would said Judge have a right, upon the termination of said leave of absence, to resume the performance of his duties as such Judge of the Superior Court and serve therein to the end of his existing term?
Respectfully submitted, R. GREGG CHERRY, RGCL: mw Governor.
26 August 1946
HONORABLE R. GREGG CHERRY Governor of North Carolina Raleigh, North Carolina
DEAR GOVERNOR CHERRY:
Honorable F. Donald Phillips, Judge of the Superior Court of the Thirteenth Judicial District, has been requested by the War Department of the United States to act as one of the presiding judges of the military courts set up by the War Department, under a War Department Directive, for the trial of war criminals exclusively in the American zone of occupation in Germany. I am informed that the Secretary of War, Honorable Robert P. Patterson, is communicating with you with reference to this matter and furnishing you with the information above recited.
Judge Phillips has consulted with me and requested my opinion as to whether or not a leave of absence can be granted to him under the provisions of G.S., 128-39, in the event such would have your approval, to serve in the capacity which he has been requested by the War Department, without salary during the period of his leave of absence, such leave *Page 775 
of absence to be granted for a period of one year, to be terminated upon the termination of the present national emergency. Judge Phillips desires to know, if leave of absence is granted to him and he should accept the appointment tendered him by the War Department, such an acceptance would result in terminating his office as Judge of the Superior Court, or whether he could continue to hold said office while on leave of absence and resume his duties as Judge of the Superior Court upon the termination of the leave.
My information from the War Department is that the position to be filled by Judge Phillips while serving in the military service of the United States is created by directives of the War Department for military purposes incident to the trial of war criminals in the American occupied zones of Germany.
The question presented by Judge Phillips, in its exact character, has never been presented to our Supreme Court. In the advisory opinion of the Chief Justice and Associate Justices of the Supreme Court of North Carolina, In re Yelton, 223 N.C. 845, the Governor was advised that under Chapter 121 of the Public Laws of 1941 (G.S., 128-39), a leave of absence could be granted to Captain Yelton to accept a temporary officer's commission in the United States Army or Navy without perforce vacating his civil office and without a violation of the provisions of the North Carolina Constitution, Article XIV, Section 7. While the question presented in that advisory opinion is very similar to the question presented in this matter, there remains some differences due to the fact that the appointment of Captain Yelton was as an officer in the United States Army while actual hostilities were in progress.
While in my opinion the leave of absence may be properly granted and while the acceptance of this position on the part of Judge Phillips would not vacate his office as Superior Court Judge, yet there being no direct authority in this State on the question and a variety of authority in other states, I believe it is very important that the question should be set at rest by an advisory opinion of the Chief Justice and Associate Justices of the Supreme Court of North Carolina, which they will doubtless render at your request. This question is important to Judge Phillips but also important to the public, as it will be necessary to know whether or not any person who may be appointed to fill the vacancy while he is on leave of absence, under authority of G.S., 128-39, would in all respects be authorized and empowered to act as the Judge of the Superior Court.
HARRY McMULLAN, HM :w Attorney-General. *Page 776 
 WAR DEPARTMENT WASHINGTON
31 Aug. 1946 HONORABLE R. GREGG CHERRY Governor of North Carolina Raleigh, North Carolina
DEAR GOVERNOR CHERRY:
It is contemplated that the Honorable F. Donald Phillips, Judge of Superior Court of North Carolina, Western Division, Thirteenth District, will be appointed as a Judge to sit in Germany as a member of a U.S. Zonal Court that will try Nazi war criminals. Judge Phillips has been interviewed and he is willing to accept such an appointment if the necessary leave of absence can be obtained from his present position.
If you approve, it is requested that he be given a leave of absence from the Superior Court of North Carolina, in order to make him available for the overseas appointment. These war crimes trials are scheduled to commence in October and it is estimated they will continue for approximately one year.
 Sincerely yours, KENNETH ROYALL, Acting Secretary of War.
The following response was made by the Chief Justice and AssociateJustices of the Supreme Court on 13 September, 1946:
RALEIGH, N.C. 13 September, 1946
To His Excellency, R. GREGG CHERRY, Governor of North Carolina:
ADVISORY OPINION IN RE F. DONALD PHILLIPS
Your request for an advisory opinion in the matter of a leave of absence for Judge F. Donald Phillips under the provisions of G.S., 128-39, poses four separate questions. It is stated, however, that the leave of absence requested by Judge Phillips would not be desired by him, nor would you wish to grant it, if the contemplated arrangement should work a vacancy in the judgeship of the Thirteenth Judicial District. The principal inquiry, then, which lies at the threshold of the matter, is whether Judge Phillips would vacate his present office, if, during his absence, he should accept appointment as Judge of a United *Page 777 
States Zonal Court in Germany. The remaining interrogatories are predicated on a negative answer to this central question.
No doubt it has been thought, and with good reason, that, in principle, some of the questions submitted were under consideration at the time of the advisory opinion in the matter of Nathan Yelton, reported in 223 N.C. 845. Even so, the Attorney-General is correct in advising that the constitutional matters here raised are in excess of the questions presented on that occasion. There, the position accepted by the civilian officer during his absence was a "temporary captaincy in the army during the war emergency," which, it was thought, was not different in character from those held by "officers in the militia," who are eo nomine excepted from the operation of the section of the Constitution inhibiting double office-holding. Here, the office which Judge Phillips proposes to accept, during his absence, apparently carries with it some of the attributes of sovereignty, and if so, it would perforce invest him with governmental authority. State ex rel. Wooten v. Smith, 145 N.C. 476, 59 S.E. 649;Barnhill v. Thompson, 122 N.C. 493, 29 S.E. 720. He would then be holding an office or place of trust or profit under the United States, or a department thereof. United States v. Mouat, 124 U.S. 303; United Statesv. Germaine, 99 U.S. 508; Groves v. Barden, 169 N.C. 8, 84 S.E. 1042, L.R.A., 1917 A, 288, Ann. Cas. 1917 D. 316. "An office is a public station, or employment, conferred by appointment of government. The term embraces the idea of tenure, duration, emolument, and duties." U.S. v.Hartwell, 73 U.S. 385; Eliason v. Coleman, 86 N.C. 236; Clark v.Stanley, 66 N.C. 59, 8 Am. Rep., 488. While Judge Phillips has requested a leave of absence "for a period of one year or for less than one year, if the present national emergency declared by Congress is terminated before the end of such year," it will be noted the Zonal Court over which he would preside is not so limited. Moreover, compliance with the provisions of Art. IV, sec. 11, of the Constitution in the appointment of a substitute would also present a serious problem, if that question were reached.
One who holds an office or place of trust under authority of this State forfeits such office or place of trust when he accepts another office or place of trust which is forbidden by the Constitution or is incompatible with the office or place of trust already held. The acceptance of the second forbidden or incompatible office or place of trust, operates ipsofacto to vacate the first. Barnhill v. Thompson, supra; Whitehead v.Pittman, 165 N.C. 89, 80 S.E. 976; In re Martin, 60 N.C. 153; Anno. 53 A.L.R., 595.
The Constitution, Art. XIV, sec. 7, provides: "No person who shall hold any office or place of trust or profit under the United States, or any department thereof, or under this State or under any other state or government, shall hold or exercise any other office or place of trust or *Page 778 
profit under the authority of this State, or be eligible to a seat in either House of the General Assembly: Provided, that nothing herein contained shall extend to officers in the militia, notaries public, justices of the peace, commissioners of public charities, or commissioners for special purposes."
Under this section, which is intended and designed to prevent or inhibit double office-holding, except in certain instances, it is not permissible for one person to hold two offices at the same time. Groves v. Barden,supra; Harris v. Watson, 201 N.C. 661, 161 S.E. 215; Brigman v. Baley,213 N.C. 119, 195 S.E. 617; In re Barnes, 212 N.C. 735,194 S.E. 499. "The manifest intent is to prevent double office-holding — that offices and places of trust should not accumulate in a single person" — Smith, C.J., in Doyle v. Raleigh,89 N.C. 133. See McIntosh on Procedure, 1089, et seq.
Accordingly, you are advised that the pivotal question above stated is regarded as involved in too much doubt to warrant a negative response or one favorable to the purposes indicated or contemplated.
 Respectfully submitted, WALTER P. STACY, Chief Justice. MICHAEL SCHENCK, WILLIAM A. DEVIN, M. V. BARNHILL, J. WALLACE WINBORNE, A. A. F. SEAWELL, EMERY B. DENNY, Associate Justices.