J. J. SANSOM, JR., PLAINTIFF v. WILLIAM A. JOHNSON, CHAIRMAN OF THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, IN HIS OFFICIAL CAPACITY; MRS. HOWARD HOLDERNESS, VICE CHAIRMAN OF THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, IN HER OFFICIAL CAPACITY; DR. E. B. TURNER, SECRETARY OF THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, IN HIS OFFICIAL CAPACITY; AND F. P. BODENHEIMER, PHILIP G. CARSON, LAURENCE A. COBB, T. WORTH COLTRANE, WAYNE A. CORPENING, MRS. KATHLEEN R. CROSBY, DR. HUGH DANIEL, JR., WILLIAM A. DEES, JR., CHARLES Z. FLACK, JR., JACOB H. FROELICH, JR., DANIEL C. GUNTER, JR., GEORGE WATTS HILL, LUTHER H. HODGES, JR., JAMES E. HOLMES, ROBERT L. "RODDY" JONES, JOHN R. JORDAN, MRS. JOHN L. McCAIN, REGINALD McCOY, WILLIAM D. MILLS, MRS. HUGH MORTON, J. AARON PREVOST, LOUIS T. RANDOLPH, HARVEY F. SHUFORD, JR., MACEO A. SLOAN, DAVID H. WHICHARD II, MRS. GEORGE D. WILSON, MEMBERS OF THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, IN THEIR OFFICIAL CAPACITY; AND THEIR SUCCESSORS IN OFFICE, DEFENDANTS

No. 7810SC55

(Filed 6 February 1979)

**Colleges and Universities § 1; Public Officers § 5— member of Banking Commission—prohibition against serving on U.N.C. Board of Governors**

A member of the State Banking Commission is an "officer of the State" within the meaning of G.S. 116-7(b) and is prohibited by that statute from also serving on the Board of Governors of the University of North Carolina.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 12 January 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 18 October 1978.

In 1975, plaintiff was elected to the Board of Governors of the University of North Carolina for a six-year term. In October 1977, he was sworn in as a member of the State Banking Commission. On 12 December 1977, plaintiff received a letter from the defendant advising him that he was no longer eligible to serve on the Board of Governors because he was a member of the State Banking Commission and, therefore, was prohibited by G.S. 116-7(b) from occupying both offices. Plaintiff attempted to attend a meeting of the Board of Governors but was denied recognition. He then started this action for a declaratory judgment. He subsequently moved for a temporary restraining order and preliminary injunction to enjoin the defendant from excluding him from the meetings of the Board. From the denial of this motion, and the entry of a judgment concluding that a member of the State Banking

Commission is an officer of the State under G.S. 116-7(b), plaintiff appealed.

*Attorney General Edmisten, by Senior Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Thigpen, Blue & Stephens, by Ralph L. Stephens, for plaintiff appellant.*

VAUGHN, Judge.

We affirm the trial judge's decision that a member of the State Banking Commission is an "officer of the State" within the meaning of G.S. 116-7(b). That section provides:

"From and after July 1, 1973, no member of the General Assembly or officer or employee of the State or of any constituent institution or spouse of any such member, officer or employee may be a member of the Board of Governors. Any member of the Board of Governors who is elected or appointed to the General Assembly or who becomes an officer or employee of the State or of any constituent institution or whose spouse is elected or appointed to the General Assembly or becomes such officer or employee shall be deemed thereupon to resign from his membership on the Board of Governors."

In many of the cases concerning what persons are public officers, the discussion relates to the distinction between public "officers" and public "employees." For example, the Supreme Court recites that "[a]n essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of the sovereign power." *State v. Hord,* 264 N.C. 149, 155, 141 S.E. 2d 241 (1965); *State v. Smith,* 145 N.C. 476, 59 S.E. 649 (1907). In another case the Supreme Court explained:

"The office was created by the General Assembly and the duties imposed involve decisions as to property from which an appeal would lie. One who holds a public office is a public office holder. The absence of substantial compensation is immaterial. The following decisions of this Court support this view. *Harris v. Watson,* 201 N.C. 661, 161 S.E. 215; *Groves v. Barden,* 169 N.C. 8, 84 S.E. 1042; *Advisory Opinion in re*

---

---

*Phillips*, 226 N.C. 772, 39 S.E. 2d 217; *Bryan v. Patrick*, 124 N.C. 651 (662), 33 S.E. 151; *S. v. Knight*, 169 N.C. 333, 85 S.E. 418; *Eliason v. Coleman*, 86 N.C. 235; *Clark v. Stanley*, 66 N.C. 59; 42 A.J. 880."

*Harrington & Co. v. Renner*, 236 N.C. 321, 327, 72 S.E. 2d 838 (1952).

Even the most cursory examination of the statutes creating and defining the duties of members of the State Banking Commission will assure the reader that members of that Commission are public officers. Plaintiff contends, however, that even if it be conceded that members of the Banking Commission are "public officers," they are not "officers of the State" within the meaning of the statute.

The Supreme Court has defined the term "State officers" so as to include those public officers "whose duties concern the State at large, or the general public, although exercised within defined limits, and to whom are delegated the exercise of a portion of the sovereign power of the State. They are in a general sense those whose powers and duties are coextensive with the State." *State v. Scott*, 182 N.C. 865, 871, 109 S.E. 789 (1921). The jurisdiction of the State Banking Commission is obviously statewide and, as the Supreme Court explained, "It is admitted that the jurisdiction of the board is statewide, and if the members are officers, they are, therefore, State officers." *State v. Scott, supra*, at 871.

We have carefully considered plaintiff's contentions with respect to G.S. 147-1 and G.S. 147-3. We conclude, however, that even if it could be conceded that these statutes are relevant to the questions presented, there is nothing in them that conflicts with the decision we have reached.

The statute, in plain language, provides that no state employee of any grade and no officer of the state (or the spouse of any such person) can also serve as a member of the Board of Governors of the University of North Carolina. Plaintiff, a member of the State Banking Commission, is an officer of the State who falls within that proscription.

The judgment is affirmed.

Affirmed.

Chief Judge Morris and Judge Webb concur.