THOMPSON CADILLAC-OLDSMOBILE, INC. v. SILK HOPE AUTOMOBILE, INC., CLINTON McLAURIN, HOWARD C. McLAURIN, SHELBY C. McLAURIN, D. WAYNE HOOD, D/B/A HOOD'S USED CARS, COLUMBUS COUNTY AUTO AUCTION, INC., GEORGE TURNER, R. E. DOWDY, WILLIAM S. HIATT

No. 8610SC1318

(Filed 3 November 1987)

**1. Public Officers § 9— allegations of mere negligence—public official—immunity**

    A complaint against defendant Hiatt as Commissioner of Motor Vehicles and defendant Dowdy as an inspector for the Division of Motor Vehicles alleged mere negligence and failed to state a claim upon which relief could be granted because both Hiatt and Dowdy exercised some portion of the sovereign power of the State and so were public officers rather than State employees. A public official is immune from liability for mere negligence. N.C.G.S. § 20-39; N.C.G.S. § 20-49.

**2. Automobiles and Other Vehicles § 5.1— sale of stolen cars—transfer of title admitted—title warranted on transfer form**

    In an action to recover damages incurred by plaintiff when it had to reimburse customers for stolen automobiles purchased from defendant Columbus County Auto Auction, the trial court did not err by granting summary judgment against defendant on a contract claim where defendant admitted transferring title to the automobiles to plaintiff. The title transfer forms provided by the Division of Motor Vehicles which must be used contain a clearly stated warranty of title. N.C.G.S. § 20-72(b).

PLAINTIFF, Thompson Cadillac-Oldsmobile, Inc., and defendant Columbus County Auto Auction appeal from *Farmer, Judge.* Judgment entered 13 August 1986 in Superior Court, WAKE County. Heard in the Court of Appeals on 12 May 1987.

*Attorney General Lacy H. Thornburg by Special Deputy Attorney General Jane P. Gray and Assistant Attorney General Victor H. E. Morgan, Jr., for defendant appellees Hiatt and Dowdy.*

*Ragsdale and Kirschbaum by William L. Ragsdale for plaintiff appellant-appellee.*

*Williamson & Walton by Benton H. Walton, III, and Carlton F. Williamson for defendant appellant Columbus County Auto Auction, Inc.*

COZORT, Judge.

On 13 March 1986 plaintiff, Thompson Cadillac-Oldsmobile, Inc., a retail automobile dealer, filed this action to recover damages incurred when the plaintiff had to reimburse customers who purchased automobiles from plaintiff when it was learned that the automobiles had been stolen and the vehicle identification numbers had been changed. Plaintiff sued Columbus County Auto Auction, Inc. (CCAA), the corporation who sold the stolen cars to plaintiff, and two business entities who were involved in transferring title of the stolen automobiles to CCAA. The claims against CCAA alleged negligence and breach of contract of warranty of title. Plaintiff also sued William S. Hiatt, the State Commissioner of Motor Vehicles, and R. E. Dowdy, an inspector in the Division of Motor Vehicles. Plaintiff alleged Hiatt was negligent in failing to adopt regulations for the inspection of vehicles and in failing to adequately supervise personnel. Plaintiff alleged Dowdy was negligent in failing to determine that the serial numbers of certain vehicles had been altered.

Defendants Hiatt and Dowdy filed a motion to dismiss on 11 April 1986, urging the trial court to dismiss the complaint against them pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), 12(b)(2) and 12(b)(6). On 13 August 1986 the trial court dismissed the action against defendants Hiatt and Dowdy, stating in the Order that it found a lack of jurisdiction over the subject matter of the

complaint and over the person of these two defendants. Plaintiff timely appealed the order of dismissal.

On 11 June 1986 plaintiff filed a motion for summary judgment on the contract claim against CCAA. On 23 July 1986 CCAA filed a response and two affidavits opposing plaintiff's motion for summary judgment. On 13 August 1986, the trial court entered an order granting plaintiff's motion for summary judgment, ordering CCAA to pay plaintiff $175,450.00. Defendant CCAA timely appealed the order.

We affirm both orders.

[1] We first address plaintiff's appeal of the trial court's order dismissing the action against defendants Hiatt and Dowdy. Plaintiff contends that the court erred because the complaint stated a cause of negligence against state employees individually; therefore, the plaintiff would not have to proceed against a state agency under the State Tort Claims Act. Defendants Hiatt and Dowdy contend that they are state officers, not state employees, and are thus not liable for mere negligence not arising to culpable and gross negligence, or reckless, arbitrary, willful, wanton and malicious acts. Our review of the complaint below and the applicable law leads us to the conclusion that Hiatt and Dowdy are state officers and that the trial court correctly dismissed the action.

"An employee of a governmental agency . . . is personally liable for his negligence in the performance of his duties proximately causing injury to the property of another . . . ." *Givens v. Sellars*, 273 N.C. 44, 49, 159 S.E. 2d 530, 534-35 (1968) (citations omitted). "[A] 'public official' is immune from liability for 'mere negligence' in the performance of [his] duties, but he is not shielded from liability if his alleged actions were 'corrupt or malicious' or if 'he acted outside of and beyond the scope of his duties.' " *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E. 2d 39, 43 (1985) (citations omitted). Plaintiff's allegations against defendants Hiatt and Dowdy allege nothing more than mere negligence. There are no allegations of corrupt or malicious actions, actions outside the scope of defendants' duties, or gross negligence. Thus, if defendants Hiatt and Dowdy are public officers or officials rather than employees, the complaint has failed to state a claim for which relief can be granted.

To constitute an office, as distinguished from employment, it is essential that the position must have been created by the constitution or statutes of the sovereignty . . . .

An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of the sovereign power.

*State v. Hord*, 264 N.C. 149, 155, 141 S.E. 2d 241, 245 (1965) (citations omitted).

Defendant Hiatt was duly appointed by the Secretary of the Department of Transportation to administer the Division of Motor Vehicles, in accordance with N.C. Gen. Stat. § 20-2. Among the many duties assigned to the Commissioner are those set forth in N.C. Gen. Stat. § 20-39:

(a) The Commissioner is hereby vested with the power and is charged with the duty of administering and enforcing the provisions of this Article and of all laws regulating the operation of vehicles or the use of the highways, the enforcement or administration of which is now or hereafter vested in the Division.

(b) The Commissioner is hereby authorized to adopt and enforce such rules and regulations as may be necessary to carry out the provisions of this Article and any other laws the enforcement and administration of which are vested in the Division.

(c) The Commissioner is authorized to designate and appoint such agents, field deputies, and clerks as may be necessary to carry out the provisions of this Article.

There can be little doubt that Hiatt, as Commissioner of Motor Vehicles, exercises some portion of the sovereign power of the State. Accordingly, we find defendant Hiatt to be a public officer, and we hold that the complaint alleging mere negligence fails to state a claim against Hiatt upon which relief can be granted.

Defendant Dowdy is an inspector for the Division of Motor Vehicles, and his duties include the power:

Thompson Cadillac-Oldsmobile, Inc. v. Silk Hope Automobile, Inc.

(1) Of peace officers for the purpose of enforcing the provisions of this Article and of any other law regulating the operation of vehicles or the use of the highways.

(2) To make arrests upon view and without warrant for any violation committed in their presence of any of the provisions of this Article or other laws regulating the operation of vehicles or the use of the highways.

(3) At all times to direct all traffic in conformance with law, and in the event of a fire or other emergency or to expedite traffic or to insure safety, to direct traffic as conditions may require, notwithstanding the provisions of law.

(4) When on duty, upon reasonable belief that any vehicle is being operated in violation of any provision of this Article or of any other law regulating the operation of vehicles to require the driver thereof to stop and exhibit his driver's license and the registration card issued for the vehicle, and submit to an inspection of such vehicle, the registration plates and registration card thereon or to an inspection and test of the equipment of such vehicle.

(5) To inspect any vehicle of a type required to be registered hereunder in any public garage or repair shop or in any place where such vehicles are held for sale or wrecking, for the purpose of locating stolen vehicles and investigating the title and registration thereof.

(6) To serve all warrants relating to the enforcement of the laws regulating the operation of vehicles or the use of the highways.

N.C. Gen. Stat. § 20-49.

We find these duties provide for defendant Dowdy to exercise some portion of the sovereign power of the State, and consequently we find Dowdy to be a public officer. This conclusion is consistent with prior rulings of this Court and the Supreme Court finding to be public officers, the following:

(1) School Trustees and Park Commissioners, *Smith v. Heffner*, 235 N.C. 1, 7, 68 S.E. 2d 783, 787 (1952);

(2) Chief building inspector, *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E. 2d 39, 43 (1985);

(3) State Banking Commissioner, *Sansom v. Johnson*, 39 N.C. App. 682, 684, 251 S.E. 2d 629, 630 (1979);

(4) Chief of police and policeman, *State v. Hord*, 264 N.C. 149, 155, 141 S.E. 2d 241, 245 (1965).

We find the complaint subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief would be granted. The trial court's having erroneously stated in its order as a basis for dismissal Rules 12(b)(1) and 12(b)(2) worked no prejudice to the plaintiff. *See Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E. 2d 453, 454 (1981). The order of dismissal as to defendants Hiatt and Dowdy is affirmed.

[2]   We now address defendant CCAA's contention that the trial court erred in granting summary judgment against CCAA on the contract claim. CCAA contends there is a genuine issue of fact regarding whether CCAA issued a warranty of title when the automobiles were sold to plaintiff. We disagree.

In claim two of the plaintiff's complaint, the contract claim, the plaintiff alleged that "[e]ach and every vehicle sold by defendants to plaintiff were [*sic*] sold pursuant to a contract with a warranty of title." In its answer, defendant CCAA generally denied that allegation. However, in its answer, CCAA admitted transferring title to the automobiles to plaintiff. In response to plaintiff's motion for summary judgment, CCAA alleged that "no warranty [was] executed by the Defendant in connection with the title." CCAA did not, however, deny transferring title to the plaintiff.

Our review of the record below and the applicable law leads us to the conclusion that by admitting that it transferred title to plaintiff, defendant CCAA admitted that it warranted title to the automobiles sold.

N.C. Gen. Stat. § 20-72(b) provides:

(b) In order to assign or transfer title or interest in any motor vehicle registered under the provisions of this Article, the owner shall execute in the presence of a person authorized to administer oaths an assignment and warranty of title on the reverse of the certificate of title in form approved by

the Division, including in such assignment the name and address of the transferee; and no title to any motor vehicle shall pass or vest until such assignment is executed and the motor vehicle delivered to the transferee.

The parties failed to include in the record on appeal copies of the titles assigned from CCAA to plaintiff when the automobiles were sold to plaintiff. However, this Court takes judicial notice of the language of the form provided by the Division of Motor Vehicles which *must* be used when title of a motor vehicle is transferred or assigned. Following the requirements of N.C. Gen. Stat. § 20-72(b) is not within the discretion of automobile buyers and sellers; the requirements are mandatory. *Insurance Co. v. Hayes*, 276 N.C. 620, 638, 174 S.E. 2d 511, 522 (1970).

The title transfer forms provided by the Division of Motor Vehicles which must be used contain a clearly stated warranty of title. In the form provided for transfer by the registered owner of the vehicle, this language appears:

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY SELLS, ASSIGNS OR TRANSFERS THE VEHICLE DESCRIBED ON THE REVERSE SIDE OF THIS CERTIFICATE UNTO THE PURCHASER WHOSE NAME APPEARS IN THIS BLOCK AND HEREBY WARRANTS THE TITLE TO SAID VEHICLE AND CERTIFIES THAT AT THE TIME OF DELIVERY THE SAME IS SUBJECT TO THE LIENS OR ENCUMBRANCES NAMED IN THE PURCHASER'S APPLICATION FOR NEW CERTIFICATE OF TITLE AND NONE OTHER.

In the form provided for the reassignment by licensed automobile dealers, this language appears:

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY TRANSFERS THE VEHICLE DESCRIBED ABOVE TO THE PURCHASER(S) WHOSE NAME(S) APPEARS IN THIS BLOCK AND HEREBY WARRANTS THE TITLE TO SAID VEHICLE AND CERTIFIES THAT AT THE TIME OF DELIVERY THE SAME IS SUBJECT TO THE LIENS OR ENCUMBRANCES NAMED IN THE PURCHASER'S APPLICATION FOR NEW CERTIFICATE OF TITLE AND NONE OTHER.

Thus, it would have been impossible for CCAA to transfer title to plaintiff without warranting the title. CCAA admits transferring title. It must follow that CCAA has admitted warranting the title, and plaintiff was entitled to summary judgment on its

contract claim based on the warranty. Summary judgment is appropriate where any party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c).

The orders of the trial court are

Affirmed.

Judges PHILLIPS and GREENE concur.