***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission hereby affirms Chief Deputy Commissioner Gheen's Decision and Order.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Chief Deputy Commissioner as:
 FINDINGS OF FACT
1. All the parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and these claims. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff is an inmate in the custody of defendant.
3. Plaintiff filed three Tort Claim Affidavits with the Industrial Commission on May 19, 2003, which alleged that a nurse of defendant injected him with a hepatitis-infected syringe on July 27, 2001, and that defendant, specifically the Secretary of Correction, ignored his requests for medical treatment. Plaintiff alleges that the injuries he received caused him great pain and suffering. Plaintiff did not allege that the Secretary of Correction acted in a malicious or corrupt manner or that he acted outside the scope of his authority.
4. On December 22, 2003, the Chief Deputy Commissioner filed an Interlocutory Opinion and Award stating that plaintiff shall have one hundred and twenty days up to and including April 19, 2004, to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure by securing an affidavit from a medical expert who has reviewed plaintiff's claim and is willing to testify. The Interlocutory Opinion and Award provided that should plaintiff fail to provide such letter or affidavit from a doctor or medical expert within the time permitted, plaintiff's civil action would be dismissed.
5. As of April 19, 2004, plaintiff had not provided such affidavit to the Commission.
6. Defendant filed Motions to Dismiss and Consolidate and on November 14, 2003, a hearing was conducted. On July 29, 2004, the Chief Deputy Commissioner issued a Decision and Order consolidating and dismissing with prejudice plaintiff's claims for medical malpractice and negligence against defendant.
7. On October 28, 2004, the Industrial Commission granted plaintiff a thirty-day extension of time in which to file an appeal to the Full Commission.
8. On November 24, 2004, plaintiff filed an appeal from the Chief Deputy Commissioner's Decision and Order to the Full Commission.
9. Plaintiff has not provided the Industrial Commission with an affidavit and the greater weight of the competent evidence of the record establishes that plaintiff has failed to show that he has incurred any damages as a result of any negligence of any employee or agent of defendant.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the State Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. N.C. Gen. Stat. § 143-291.
3. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure, "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 1. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 2. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 3. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
4. Plaintiff has not provided an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure within the time permitted by the Interlocutory Decision and Order entered on December 22, 2003, and the claim for medical negligence does not meet any of the exceptions for an affidavit, Therefore, plaintiff's appeal to the Full Commission should be dismissed. N.C. Gen. Stat. § 1A-1, Rule 9(j).
5. While the Tort Claims Act waives sovereign immunity for the State, the Act does not waive official immunity for public officers. As a public official, the Secretary of the Department of Corrections is immune from suit when he exercises the judgment and discretion associated with his office, acts within the scope of his authority and acts without malice or corruption. Collins v. NorthCarolina Parole Commission, 344 N.C. 179, 473 S.E.2d 1
(1996).
6. A public official holds a position created by our State Constitution or the General Statutes and exercises some degree of sovereign power and discretion, as compared with public employees who perform only ministerial duties. Toomer v. Garrett, 155 N.C. App. 462,481, 574 S.E.2d 76, 91 (2002), rev. denied, appealdismissed, 357 N.C. 66, 579 S.E.2d 576 (2003).
7. Plaintiff failed to present competent and credible evidence establishing that the conduct of the Secretary of Correction was malicious, corrupt or outside the scope of his official authority. Public officials are immune from liability for mere negligence. Therefore, plaintiff did not properly state a claim against the Secretary of Correction and plaintiff's claim must be dismissed. Thompson Cadillac-Oldsmobile, Inc v. SilkHope Automobile, Inc., 87 N.C. App. 467, 361 S.E.2d 418
(1987), disc. Rev. denied, 321 N.C. 480, 364 S.E.2d 672
(1988).
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is DISMISSED WITH PREJUDICE.
2. Plaintiff's claim for negligence against the Secretary of Correction is DISMISSED WITH PREJUDICE.
2. Each party shall bear its own costs.
This the ___ day of June, 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER